THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. HAROLD KOCH, Defendant-Appellee.

(No. 12060;

Fourth District—November 30, 1973.

Basil G. Greanias, State's Attorney, of Decatur (James R. Coryell, Assistant State's Attorney, of counsel), for the People.

Frederick P. Erickson, of Decatur, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an interlocutory appeal by the State from an order of the circuit court of Macon County sustaining objection to the admissibility of certain in-custody oral statements made by defendant. It is contended that the order in question is appealable as either a de facto dismissal of an indictment or a suppression of evidence under Supreme Court Rule 604 (Ill. Rev. Stat. 1971, ch. 110A, sec. 604) or as a confession under Ill. Rev. Stat. 1971, ch. 38, sec. 114—11(g).

On May 22, 1972, defendant, Harold Koch, was charged with the offense of driving while under the influence of intoxicating liquor in violation of Ill. Rev. Stat. 1971, ch. 95½, sec. 11—501. A jury trial was commenced on September 18, 1972, at which time the State presented two witnesses who testified that on the evening in question they noticed defendant's vehicle to be in a ditch close to their homes, that they tried to push the car from the ditch but were unsuccessful because of defendant's lack of cooperation, and that defendant left the car and stumbled toward a nearby service station. Both stated that defendant appeared to be under the influence of alcohol. The arresting officer testified that on the same evening he observed defendant returning to his vehicle in a staggering fashion, that he found a six pack of beer on the floorboard of defendant's car, and that he was likewise of the opinion that defendant was under the influence of an intoxicating beverage.

Defendant then moved, outside the presence of the jury, to suppress

certain in-custody oral statements made by defendant, contending that defendant was too intoxicated to have intelligently waived the rights granted him by *Miranda v. Arizona*, 384 U.S. 436, 6 L.Ed.2d 694, 86 S.Ct. 1602. At the hearing on said motion the two interrogating officers testified that defendant was advised of his *Miranda* rights, and that defendant acknowledged that he was aware of them. In essence, both officers testified that they were of the belief that although the effects of the alcohol on defendant were extreme, *i.e.*, too extreme for driving purposes, defendant was sufficiently sober to understand the rights he was waiving. It was further stated that defendant subsequently failed the breathalyzer test administered to him. The court sustained defendant's objection to the introduction of the statements finding defendant to have been too intoxicated to have intelligently waived his rights. The State then moved and the trial judge granted a motion to recess the trial for the purpose of perfecting this appeal from that ruling.

It has previously been the settled law of this State that the prosecution had no right to appeal in a criminal case. The historical evolution and eventual partial demise of this proposition is aptly chronicled by the court in *People v. Petropoulos*, 59 Ill.App.2d 298, 208 N.E.2d 323, *aff'd*, 34 Ill.2d 179, 214 N.E.2d 323. The 1970 Ill. Const. art. 6, sec. 6 now provides that in a criminal case there is no appeal from a judgment of acquittal, but "The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." Pursuant to this rule making authority our Supreme Court has promulgated Rule 604(a)(1) which contains the following language:

> "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

■■■ When it is apparent to the trial judge that an order of the court sustaining objection to the State's evidence is likely to block prosecution entirely, thereby creating an effect similar to dismissing an indictment, he may then properly suspend the trial and permit the State to seek review. (*People v. Shipp*, 96 Ill.App.2d 364, 239 N.E.2d 296.) Plaintiff contends that the order in this case has the substantive effect of dismissing or quashing an indictment in that the practical effect of such a ruling is to emasculate the State's case. The record in the instant case, however, does not demonstrate such an emasculation. The trial court's ruling simply removed one item of evidence from consideration by the

jury. There remained the direct testimony of several eyewitnesses, and there was evidence that a breathalyzer test had been taken.

■■ Plaintiff also makes the assertion that under Supreme Court Rule 604 the State can appeal any order suppressing evidence when the People are bound by such an order. This argument in the context of the present case is, in essence, a contention that every ruling made during the course of a trial concerning the admissibility of the Peoples' evidence, if adverse to the People, amounts to a suppression of evidence within the ambit of Rule 604. This argument endeavors to equate every *exclusion* of evidence with *suppression* of evidence and would then automatically invoke Rule 604. Precedent is contrary to this position. In *People v. Thady,* 133 Ill.App.2d 795, 270 N.E.2d 861, the trial court sustained objection to certain testimony relating to a breath analysis test administered to defendant. It was argued that this ruling had the effect of an order suppressing evidence and was appealable under Rule 604. This court cited two statutory provisions governing suppression of evidence: (1) Ill. Rev. Stat. 1971, ch. 38, sec. 114—11 concerning confessions, and (2) Ill. Rev. Stat. 1971, ch. 38, sec. 114—12 concerning illegally seized evidence, and dismissed the appeal holding the ruling "to be patently evidentiary in nature and hence not appealable." We reach the same conclusion in the instant case. The language of this court in *Thady* is particularly relevant here:

> "It requires little imagination to discern what chaos would ensue if every order such as the one in question here were appealable. * * * If every such ruling were appealable, trials might last longer than the lifetimes of the parties * * *." *Thady* at 797.

■■ Plaintiff finally contends that an admission should be treated the same as a confession for purposes of appeal under Ill. Rev. Stat. 1971, ch. 38, sec. 114—11. Plaintiff admits and the trial judge acknowledged that the statements we are concerned with here are admissions. The difference between admissions and confessions is well established. A confession is a voluntary acknowledgment of guilt which is comprehensive in scope and includes all the elements of a crime, whereas an oral or written admission is not an acknowledgment of guilt, but is simply a statement of independent facts from which guilt may or may not be inferred. (*People v. Stanton,* 16 Ill.2d 459, 158 N.E.2d 47.) We see no reason to deviate from this accepted distinction in the context of the present situation. The word confession, therefore, in section 114—11 is to be given its accustomed meaning, thereby serving to exclude the admissions here from the confines of appeal under that section.

For the reasons herein stated we find the ruling of the trial judge to be outside the ambit of interlocutory review under Supreme Court Rule 604 and, hence, nonappealable for want of a final judgment.

Appeal dismissed.

CRAVEN, P. J., and TRAPP, J., concur.