THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* RAFAEL ARAIZA, Defendant-Appellee.

(No. 73-273;

Third District—April 23, 1974.

Michael M. Mihm, State's Attorney, of Peoria (Arthur Inman, Assistant State's Attorney, of counsel), for the People.

James Geis, Deputy Defender, of Ottawa (Richard Steck, Assistant Appellate Defender, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an interlocutory appeal by the People of the State of Illinois from an order of the circuit court of Peoria County suppressing confessions of Rafael Araiza, defendant, in a case charging the defendant with

murder and aggravated battery. The first issue to be considered on this appeal is the defendant's contention that the State has no right of appeal in a case such as this and accordingly the appeal should be dismissed. We do not agree with such contention and believe the appeal is properly before us.

The State urges that its appeal in this case is governed by and proper under Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 604(a)(1)) which provides:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

In particular the State argues the order suppressing the confessions of the defendant is "* * * suppressing evidence" within the meaning of the rule.

On the other hand the defendant insists that the order related only to admissions as distinguished from a confession and consequently under the authority of *People v. Koch,* 15 Ill.App.3d 386, 304 N.E.2d 482, an appeal by the State is inappropriate.

However the defendant both by the circumstances of the case and by his own conduct has precluded himself from coming within the rule of *People v. Koch,* 15 Ill.App.3d 386, 304 N.E.2d 482. From the record it appears the defendant filed a pretrial motion to suppress the evidence of his confessions in accord with and for the reasons set forth in section 114—11 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 114—11) and the trial court entered an order suppressing the confessions holding them to have been involuntarily made. Thus the defendant himself or at least his counsel assumed the statements to be confessions and the court acted on the belief that such statements were confessions without considering any facts or theory to the contrary. Such a procedure is in sharp contrast to that in the *Koch* case where according to the opinion, the defendant admitted and the trial court acknowledged that the statements were admissions and consequently all parties including the judge conceded that the provision of the statute relating to suppression of confessions was not involved. See also *People v. Thady,* 133 Ill.App.2d 795, 270 N.E.2d 861.

■■ Although the defendant urges that substance should prevail over form and that consequently he should not be bound by the position he adopted in the trial court which was merely a matter of procedure, we

believe the rule is and should be to the contrary. If the defendant sought to have his confessions suppressed and the court did so we believe the order suppressing the confessions is appealable by the State.

This brings us to the State's principle assignment of error, namely, that it established the voluntary nature of the defendant's confessions and consequently the trial court's determination otherwise is erroneous. The gist of the suppression motion was that defendant's confessions were not voluntary because he neither understood or waived his constitutional rights on account of intoxication and language difficulties. At the hearing on the motion two police officers and an interpreter testified in behalf of the State and the defendant testified in his own behalf.

A few facts will suffice to furnish the necessary background to consider the issues raised on this appeal. Defendant, Rafael Araiza, spent a substantial portion of the night of May 25, 1973, and the early morning hours of May 26, 1973, drinking beer with his uncle Raymundo Trevino. Trevino wanted to go to the apartment of Vega and Gomez, gave defendant a gun, and persuaded him to go with him. While they were there an argument started. Then Trevino jumped up and shot Gomez in the head, and Vega jumped on the back of Trevino. Defendant in an effort to protect his uncle, began shooting wildly, emptied the gun, and left when the wounded Vega told him to. Trevino was lying in the room also wounded or dead. He walked to 617 NE Monroe where he was shortly arrested. The shooting incident took place around 5 A.M. on May 26, 1973.

The Peoria police officer who responded to the call found Trevino dead and Vega wounded. Recognizing Trevino as a person involved in an altercation a week earlier at another address the officer went to the other address and arrested the defendant and three other persons. The three other persons were described as quite intoxicated. The defendant was taken to the Peoria police station and detained in a holding room until about 8:30 in the morning when other officers endeavored to interview the defendant. It was learned that the defendant was an illegal Mexican immigrant who could speak no English so an interpreter, Mrs. Evelyn Martinez, was called to aid in the questioning which took place later in the morning and again in the afternoon.

The two police officers who had participated with the interpreter in the questioning of the defendant, testified at the hearing on the suppression motion concerning their observations of the defendant, his normal appearance and the advice which they had given him through the interpreter of his constitutional rights. The interpreter also testified.

As indicated earlier, the defendant's suppression motion was based on his failure to understand what was going on because of his beer drinking

and language problems. Notwithstanding the testimony of the police officers and the interpreter to the contrary, the defendant insisted he was not advised of his constitutional rights and did not understandingly waive them.

■■ The usual rule applicable in such cases is that where the testimony is conflicting the decision of the trial court will not be disturbed on appeal. (*People v. Myers*, 35 Ill.2d 311, 220 N.E.2d 297, *cert. denied*, 385 U.S. 1019.) This rule has had its most frequent application in those cases where the trial court had determined the confession to be voluntary and hence admissible (*People v. Jackson*, 41 Ill.2d 102, 242 N.E.2d 160, and *People v. Gold*, 38 Ill.2d 510, 232 N.E.2d 702) but we believe the rule to be equally applicable when the court finds the confession involuntary and hence inadmissible. Recognizing that the rule justifying affirmation of a trial court's order denying the suppression of a confession is equally applicable to the case where the order suppresses the confession, the State insists the testimony of the defendant is inherently improbable and unreasonable and thereby furnishes no support for the trial court's order.

■■ The purpose of advising an accused of his rights is to enable him to make an intelligent decision, and to understand the consequences of that decision. (*People v. Turner*, 56 Ill.2d 201, 306 N.E.2d 27.) In *Turner* the court quoted with approval from *Johnson v. Zerbst*, 304 U.S. 458, 82 L.Ed. 1461, 58 S.Ct. 1019, " 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' "

■■ Without detailing the evidence at length, we believe there is ample evidence from which the trial court could have reasonably inferred both because of his diminished faculties and language problems that the defendant did not understand the rights to which he was entitled. Although it might well be that the beer drinking, lack of sleep and other impairment of faculties might not have justified the court's order, when these factors are considered with defendant's undisputed inability to speak English and his unfamiliarity with our system, lack of understanding is neither unreasonable nor improbable. The interpreter was not a professional interpreter, had never lived in Mexico and her familiarity with the Spanish language was acquired in this country. Although she concluded the defendant "understood" what she was relaying from the police officers, her testimony is subject to some doubt even though no claim is made that she did not try to do the best she

could. In cross-examination she was unable to recall some of the details concerning her original contact with the defendant and it is not clear from her testimony just what the defendant did or did not understand. Under these circumstances we find no reason for disturbing the judgment of the trial court.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.