THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GERALD W. CARNES, Defendant-Appellant.

(Nos. 12558, 12761 cons.;

Fourth District—August 7, 1975.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, and Marc Towler, Law Student, for appellant.

Elmer H. Flesner, State's Attorney, of Paxton (G. Michael Prall and Kai A. Wallis, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant-appellant Gerald Carnes was indicted on August 21, 1972, for the offense of indecent liberties with a child. He was tried before a jury, convicted, and sentenced 10 to 20 years. On November 10, 1972, the trial judge denied defendant's motion to suppress oral and written con-

fessions. On November 16, 1972, trial was commenced. On that date a jury was selected, including two alternate jurors. The trial was then recessed to November 20, 1972, on which date the evidence was received and the guilty verdict returned.

On December 19, 1972, defendant filed a motion in arrest of judgment and a motion for new trial, alleging errors committed during the course of the trial. On the same day evidence was taken in aggravation and mitigation, and apparently on defendant's petition for probation though no written application for probation appears in the record. The transcript of this hearing is incomplete. It appears to have been taken by means of a recording machine and that some of the tapes were either misplaced or erased prior to preparation of the record. How much of the proceedings is missing we are unable to determine.

On December 19, 1972, sentence was imposed and the mittimus issued. The records of the Department of Corrections show that the defendant was transferred to the custody of the Department on December 20, 1972. At this time defendant's post-trial motions had not been heard, nor had they been ruled on.

On March 20, 1973, the trial judge's docket entry was made as follows: "Post-trial motions argued. Advisement."

On April 9, 1973, the post-trial motions were amended to include, as grounds for new trial, the contention that the sentence imposed was excessive and that the defendant should have been admitted to probation.

On July 30, 1973, the defendant filed a petition for post-conviction relief. The sole contention being that over 216 days had elapsed since the motions had been filed and 116 days had elapsed since the motions had been argued, and that the motions had not been ruled upon. These circumstances, defendant contended, amounted to a denial of his right to speedy trial and prompt appeal, and was a denial of due process.

On August 13, 1973, some 8 months after defendant had begun serving his sentence, the defendant's post-trial motions were denied.

On September 27, 1973, after hearing had September 13, 1973, defendant's petition for post-conviction relief was denied.

On September 27, 1973, notice of appeal from the order denying post-conviction relief was filed.

During the September 13, 1973, hearing on the post-coviction petition counsel for the defendant indicated that he had intended to file a notice of appeal from the order entered on August 13, 1973, denying the post-trial motions, but that since over 30 days had expired he could not do so in the trial court, and that he also felt that any errors committed during the trial could be reached on the appeal from the denial of post-conviction relief.

On October 1, 1973, the trial judge entered an order directing prepara-

tion of the record on appeal and appointing the Illinois Defender Project as counsel for defendant on appeal.

On August 9, 1974, counsel on appeal, discovering that there was no notice of appeal from the orders entered August 13, 1973, which denied the post-trial motions, in an effort to pursue a direct appeal from the conviction and sentence, filed in this court a motion for leave to file late notice of appeal, *nunc pro tunc* to March 12, 1974. This motion was filed 1 year, lacking 4 days, from the date the orders were entered in the trial court. We took this motion with the case which we ordered consolidated with the appeal from the denial of post-conviction relief.

In view of the provisions of Supreme Court Rule 606(c) (Ill. Rev. Stat. 1973, ch. 110A, § 606), and in further view of the fact that the orders of August 13, 1973, which are sought to be reviewed, were complete nullities, the motion is now denied.

■■ The practice of ruling on post-trial motions *after* the imposition of sentence and delivery of defendant into confinement in the penitentiary is an anomaly which creates problems never before called to our attention. The customary practice is for the trial judge to hear and rule on the post-trial motions prior to imposition of sentence, and certainly prior to issuance of mittimus and transfer of the defendant to the penitentiary.

Prior to the adoption of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1) the trial court, upon imposition of sentence and delivery of defendant to prison authorities, lost jurisdiction, and consequently had no authority to vacate or set aside its judgment of conviction or sentence. (*People v. Miller*, 13 Ill.2d 84, 110, 148 N.E.2d 455; *rev'd on other grounds; Miller v. Pate*, 386 U.S. 1, 17 L.Ed.2d 690, 87 S.Ct. 785; *People v. Wilson*, 391 Ill. 463, 63 N.E. 488.) Thus the trial court at the time that it heard the post-trial motions had no authority to vacate either the judgment of conviction or the sentence, and the final, appealable order was the order of December 19, 1972, imposing sentence.

While the Unified Code of Corrections did not apply to the proceedings in 1972, we note that section 5—8—1(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1) provides that:

> "The court may reduce or modify, but shall not increase the length of a sentence by order entered not later than 30 days from the date that sentence was imposed. *This shall not enlarge the jurisdiction of the court for any other purpose.*" (Emphasis supplied.)

The Council Commentary relating to this section (Ill. Ann. Stat. ch. 38, § 1005—8—1(d), Council Commentary (Smith-Hurd 1973) remarks that this:

> "* * * provides that the court may *reduce* the length of sentence any time within 30 days after the sentence is imposed. This

subparagraph permits the court to reduce the sentence to probation, conditional discharge, periodic imprisonment, or a fine." (Emphasis supplied.)

Since the purpose of the statute is clearly set forth in the Commentary, and in further view of the express statement that the statute does not enlarge the jurisdiction of the trial court for any other purpose, it is clear that even under the Unified Code of Corrections, the trial court may not, after imposition of sentence and transfer of custody of a defendant to penitentiary custody, enter in the case an order vacating sentence, setting aside the conviction or granting a new trial. This was true prior to the effective date of the Code, and it remains so today.

■■ The delay in hearing and ruling on defendant's post-trial motions effectively precluded defendant from prosecuting a direct appeal. It appears that the State's Attorney, defense counsel and the trial judge were unaware of the trial court's loss of jurisdiction. It is manifestly unfair and constitutes a denial of due process to relegate defendant to a position from which only constitutional errors are available to him on appeal from the order denying post-conviction relief. He is, in such a process, effectively denied the right to seek appellate review, on direct appeal, of his claims of error which are not of constitutional magnitude.

■■ We see no need to comment, in detail, on the presence of arguable points of error which the record indicates would have been subject to review on a direct appeal. We note, however, that defendant's written statement, which was characterized and admitted as a "confession" during the trial was, at most, an admission under the authority of *People v. Stapleton,* 300 Ill. 471, 133 N.E. 224; *People v. Stanton,* 16 Ill.2d 459, 158 N.E.2d 47; *People v. Allen,* 413 Ill. 69, 107 N.E.2d 826; *People v. Koch,* 15 Ill.App.3d 386, 389, 304 N.E.2d 482, and *People v. Georgev,* 38 Ill.2d 165, 230 N.E.2d 851. It also appears, from the record, that the trial judge may have imposed upon the defendant a burden of proof, on the issue of whether or not a confession was to be suppressed, which the law does not impose. He may not have done so, but his statements in that regard are susceptible to interpretation and we see no need to speculate about the matter. Since the record is incomplete we would have been unable, on direct appeal, to evaluate the claim of excessive sentence.

In view of the confusion and misunderstanding which this record demonstrates, we hold that fundamental fairness and the requirements of due process require the noting of plain error, reversal and remandment for a new trial.

Reversed and remanded for new trial.

CRAVEN and GREEN, JJ., concur.