THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRED F. THADY, Defendant-Appellee.

(No. 11441;

Fourth District—June 8, 1971.

L. Stanton Dotson, State's Attorney, of Charleston, (Ronald Tulin, Assistant State's Attorney, of counsel,) for the People.

Robert Isham Auler, of Champaign, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an appeal by the People from an order of the Circuit Court of Coles County. The trial court sustained objection to the admissibility of certain testimony relating to a breath analysis test of the defendant. It is urged that such ruling has the effect of an order suppressing evidence and is appealable under Supreme Court Rule 604. (Ill. Rev. Stat. 1969, ch. 110A, par. 604). The motion of the State's Attorney to recess the trial pending an appeal was granted.

The defendant was charged on November 29, 1969, with driving while under the influence of intoxicating liquor in violation of par. 47 U.A.R.T. (then Ill. Rev. Stat. 1969, ch. 95½, par. 144; now Ill. Rev. Stat. 1969, ch. 95½, par. 11—501). After a series of continuances the case was called for trial on August 3, 1970, in the Magistrate Division of the Circuit Court of Coles County. The trial progressed without remarkable incident until

the State's Attorney commenced to lay a foundation for the introduction of what is commonly called a breathalyser test which had been administered to the defendant.

At this point defense counsel objected and out of the presence of the jury argument was had and certain stipulations entered into regarding subsection (d) of par. 47 U.A.R.T. (then Ill. Rev. Stat. 1969, ch. 95½, par. 144(d); now Ill. Rev. Stat. 1969, ch. 95½, par. 11—501(d)).

There has been no material change as between these sections as a result of the 1969 codification, effective July 1, 1970. Then, and now, subsection (d) provided:

"(d) Chemical analysis of the person's * * * breath to be considered valid under this Section must be performed according to uniform standards adopted by the State Department of Public Health, in cooperation with the Superintendent of State Highway Police * * *."

The parties stipulated, *inter alia*, that "the only standard, if it be such, that has been promulgated by the Department of Public Health for the use of the 'breath analyzer type device' is a standard that states that any breath analyzing machine must operate on photo-electric principle." Thereupon, the Magistrate sustained objection to the introduction of testimony concerning the results of the test on the basis that the People had failed to prove adoption of standards as required by the statute and "suppressed all evidence dealing with the chemical analysis of the Defendant's breath." The State's Attorney moved to recess the trial for the purpose of taking this appeal; the defendant neither objected nor consented to the motion; the Magistrate granted the motion, recessed the trial and the People bring this purported appeal under Supreme Court Rule 604.

In their briefs and abstract the parties have ignored what we consider to be the fundamental question presented here, namely, the appealability of the order. We hold that the order is simply an evidentiary ruling and is not appealable.

Rule 604 provides for appeals by the State in certain situations, one of which is an order suppressing evidence. Superficially, this would seem to be such a situation.

However, any rule must find its birthright in a statute. Our Supreme Court was authorized by Section 120—1 of the Code of Criminal Procedure of 1963 to make rules for appeals by the State. It did make rules, including 604, and the statutory provisions of Section 120—1 were repealed by the 76th General Assembly by P.A. 76-1412.

The philosophy governing rule making power is found in the Civil Practice Act, Section 2, wherein the Supreme Court is granted power

to make rules "supplementary to *but not inconsistent with*" the Act (Emphasis ours).

Applying this principle to the Criminal Code, we find only two provisions governing suppression of evidence; *viz.*, ch. 38, par. 114—11 concerning confessions and ch. 38, par. 114—12 concerning evidence illegally seized. Admittedly, Rule 604 on its face speaks only of "suppressing evidence" and does not mention these sections specifically, but as we pointed out above, a rule can have no broader scope than the statute which gave it birth.

It requires little imagination to discern what chaos would ensue if every order such as the one in question here were appealable. As a practical matter, every ruling sustaining an objection to evidence amounts to a suppression of that evidence. If every such ruling were appealable, trials might last longer than the lifetimes of the parties and appellate judges outnumber trial judges three to one.

Our research has not disclosed any appeal taken under Rule 604 other than those involving confessions or searches and seizures. *People ex rel. Douglas v. Barrett*, 370 Ill. 464, 19 N.E.2d 340 involved payment to a widow of a deceased legislator. At page 469 our Supreme Court said:

"While this established custom is not conclusive of the constitutionality of the enactments, nevertheless, in determining the validity of legislative action, the uniform, continued and contemporaneous construction given by the legislature over a long period of years and generally recognized by the public, is usually given great weight by the courts."

(1) We find this doctrine persuasive in the case of Supreme Court Rules and hold that the long continued practical application of a rule is plain evidence of its meaning.

(2) The ruling here was patently evidentiary in nature and hence not appealable.

Appeal dismissed.

SMITH, P. J., and TRAPP, J., concur.