THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EUGENE "PEPPER" SMITH, Defendant-Appellee.

(No. 71-106;

Fifth District—May 23, 1972.

*Rehearing denied June 22, 1972.*

R. W. Griffith, State's Attorney, of Edwardsville, for the People.

Murry A. Marks, of Clayton, Missouri, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant-Appellee was indicted on two counts of murder. He filed a pretrial motion to suppress the statement of Edward Lee Smart as to confessions allegedly made to him while both were inmates at the Madison County Jail prior to the indictment. The trial court granted the motion to suppress, without stating reasons, and the State has taken this appeal.

■■ The defendant argues initially that the trial judge's ruling cannot be appealed by the State in the absence of a showing that otherwise the State will have insufficient evidence to proceed with its prosecution. We find no merit in this contention. Ill. Rev. Stat. ch. 110A, § 604 (a) (1), provides that "the State may appeal only from an order or judgment the substantive effect of which results in * * * suppressing evidence." (*People v. Courtright* (1970), 129 Ill.App.2d 244, 263 N.E.2d 144. See also *People v. Raddatz*, 91 Ill.App.2d 425, 235 N.E.2d 353.) We therefore deny the motion to dismiss this appeal, based on the alleged non-appealability of the order suppressing, which we have taken with the case.

■■ The State argues that the decision of the trial court should be reversed. We agree. Smart was the only witness to testify on the motion and his testimony is uncontradicted. He testified that he had no contact with the State's Attorney or with Alton Police, to whom the confession was related, before the defendant made admissions to him. According to Smart, after the conversations with the defendant had taken place, the defendant asked Smart to speak with the State's Attorney to see what the State's Attorney would recommend if the defendant would plead guilty. Sometime after his conversation with State's Attorney, the Alton police contacted him and he related to them what the defendant had told him about his involvement in the shooting for which the defendant was later indicted. The statements made by defendant to Smart were not post-indictment statements of an accused to a government agent. In *People v. Milani* (1968), 39 Ill.2d 22, 233 N.E.2d 398, *cert. den.* 393 U.S. 865, the Court said:

"We do not believe that *Massiah* or any later case prohibits the use of volunteered incriminatory statements which are gathered because of the cooperativeness of an informer in whom a criminal has misplaced his confidence."

Accordingly, the decision of the trial court is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Judgment reversed, cause remanded.

G. MORAN, P. J., and JONES, J., concur.