THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CLIFFORD WHEATLEY, Defendant-Appellee.

(No. 11346; 

Fourth District—June 12, 1972.

Richard J. Hollis, State's Attorney, of Springfield, for the People.

Anthony J. Manuele and Frank S. Calandrino, both of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The issue in this appeal by the prosecution is whether the trial court erred in sustaining an objection to the testimony of a qualified witness concerning the results of an examination of blood alcohol content, where the blood samples were taken from defendant without his consent. The State's Attorney moved to terminate trial for purposes of appeal upon such ruling under Supreme Court Rule 604(a)(1). Such motion was allowed.

Defendant was involved in a collision on January 31, 1970. While the "traffic ticket" charging violation of section 47 of the Uniform Act Regulating Traffic bears such date, the ticket bears the file mark of the Clerk of Court, "March 9, 1970", and directs defendant to appear in court on March 30, 1970. It is clear from the context of the record that such traffic ticket was neither issued nor served at the time of the collision, but was prepared after the analyst's report of the blood examination was received some weeks later.

The trial court made findings of fact which are in no way contradicted. We quote the portions which disclose the factual background at issue.

"During the testimony on direct examination of the third witness on behalf of the people, Mr. Keith Martin Chemist for the Illinois Crime Commission, defendant moved to suppress all reference and testimony or physical evidence with respect to the taking of blood samples from the defendant, the analysis thereof or the results of said analysis of said samples, on the grounds that the blood was extracted from the defendant without his consent, and that the taking and analysis of such blood for alcohol content was therefore inadmissible.

Officer C. E. Palazzolo of the Springfield Police Department, the second witness for the State, testified that the defendant's automobile and a motorcycle had been involved in a collision at the intersection of Seventeenth and Cass Streets in the City of Springfield, and that the injured parties were transported to the hospital and that Officer Palazzolo and Officer Traux proceeded to the hospital to question the witnesses. Officer Palazzolo testified that in questioning the defendant, the defendant admitted to having had two bottles of beer in the afternoon of the day of the accident. Officer Palazzolo further testified that he observed none of the usual signs of intoxication in the defendant, but that he and Officer Traux felt that because the defendant had drunk beer in the afternoon and that a fatality resulted from the accident that the defendant should submit to a blood test for alcohol content. The witness further testified that the defendant refused to take the test, whereupon Officer Palazzolo advised the defendant that since there was a death involved that he would have to take the test because it was the law. Palazzolo further testified that he and Officer Traux told the defendant two or three different times that he must take the test because it was the law, and after having so gone through this procedure with the defendant two or three times the defendant submitted to having blood samples taken from him, after having been told repeatedly that there was no alternative but to take the test. Officer Palazzolo further testified that he transported two vials of blood extracted from the defendant to Mr. Keith Martin of the Illinois Crime Laboratory for analysis.

The Court finds that the defendant Clifford Wheatley *did not consent* to the taking of blood from him or to the chemical analysis thereof for alcohol, but was deceived into permitting his blood to be taken and analysis made because of repeated representations by the police officer that the law required him to do so." (Emphasis supplied.)

Counsel did not agree as to the nature of the motion made and the ruling of the court. The State's Attorney seeks to present the question in

the light of a motion to suppress evidence illegally seized under Ill. Rev. Stat. 1969, ch. 38, par. 114—12, and urges that since the trial had commenced, the motion was not timely. He argues the necessity of orderly procedure. Defendant's counsel expressly stated to the court, and urges here, that the motion did not concern unlawful search and seizure but that the testimony was inadmissible by reason of the language of Ill. Rev. Stat. 1969, ch. 95½, par. 144 (c)3 as follows:

"Evidence based upon a chemical analysis of blood, urine, breath or other bodily substance shall not be *admitted* unless such substance was procured and such analysis made with the consent of the person as provided for in Section 47.1 of this Act, whose bodily substance was so analyzed." (Emphasis supplied.)

In *People v. Williams*, 116 Ill.App.2d 332, 252 N.E.2d 555, after careful scrutiny of the quoted language, it was determined that the words "[A]s provided for in Section 47.1 of this Act" must be treated as surplusage with the consequence that the word "consent" would be interpreted in its ordinary common law meaning. That opinion noted that in that case there was no issue of want of consent or of consent obtained by fraud, deceit or coercion but the issue there argued by defendant was that Section 47 was invalid for failure to enact Section 47.1.

We have surveyed the several legislative enactments upon the issue of "consent" to the taking of samples or of making of tests to determine whether or not a person may be said to be driving while under the influence of intoxicating liquor.

Section 47 of the Uniform Act Regulating Traffic as in Ill. Rev. Stat. 1957, ch. 95½, par. 144(b) first provided that:

"[E]vidence of the amount of alcohol in the person's blood at the time of the act alleged as shown by a chemical analysis of his breath, blood, urine, saliva or other bodily substance * * *."

was admissible into evidence. No statutory consideration of consent or provision for obtaining such sample was then expressed.

In *People v. Knutson* (1958), 17 Ill.App.2d 251, 149 N.E.2d 461, the court said that evidence concerning an intoximeter test which accused was forced to take or deceived into taking, and the evidence of his refusal to take the test was improper and prejudicial and required reversal and remandment of his conviction. This opinion does not refer to the provisions of par. 144 enacted in 1957, but we note that the next legislative action shown in Ill. Rev. Stat. 1967, ch. 95½, par. 144(c)3 included the provision that evidence upon such test:

"[S]hall not be admitted unless such substance was procured and such analysis made with the consent of the person * * *."

Legislative caution is further demonstrated in Ill. Rev. Stat. 1967, ch.

95½, par. 144, sub-par (e), providing special proceedings for obtaining samples where a person was unconscious or "otherwise incapable of refusal". Again, the Legislature considered and protected the right of refusal of the sample or of the test in the provision of sub-par. (h), that refusal to submit to a test was inadmissible in any civil proceeding or criminal action for driving while under the influence of intoxicating liquor. The use of evidence of refusal was limited to admission only in proceedings for suspension of driving privileges.

Illustrative of the legislative consideration of and concern for the requirement of consent is demonstrated in subsequent enactment of Ill. Rev. Stat., ch. 95½, par. 11—501 effective July 1, 1970. This legislation retained the language that evidence of chemical analysis of blood and other bodily substances shall not be admissible into evidence unless the sample was obtained and the analysis made with the consent of the person concerned. The reference to the unenacted par. 47.1 was eliminated. This Act retained the provision that refusal of the same or of the test was inadmissible in any civil proceedings or in a criminal action charging driving while under the influence of intoxicating liquor. Similarly, evidence of the refusal of a test was declared to be inadmissible in civil or criminal proceedings, but limited to a proceeding for the suspension of driving privilege.

■■ Within the context of the past and present legislative action, the consent of the individual in taking of his blood samples governs the admissibility of the evidence by reason of the language of the statutes. The trial court specifically found that there was no consent to the taking of the sample, but rather that such was taken through deceit or through coercion of asserted police authority. Such finding is not challenged. Upon these facts, the court would be required to sustain an objection to the testimony of the analyst.

■■ In *People v. Thady*, (Ill.App.2d), 270 N.E.2d 861, it was held that there was no order which the State might appeal under Supreme Court Rule 604(a)(1) where the court's ruling was upon the admissibility of evidence as distinguished from a motion to suppress as provided in Ill. Rev. Stat., ch. 38, par. 114—11 and par. 114—12. We find no appealable order here.

The appeal is dismissed.

Appeal dismissed.

SMITH and CRAVEN, JJ., concur.