THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
JAMES EDDINGTON, Defendant-Appellee.

Fourth District   No. 13610

Opinion filed April 14, 1977.

C. Joseph Cavanagh, State's Attorney, of Springfield (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, and Donald Cadigan, Assistant State's Attorney, of counsel), for the People.

Richard J. Wilson, of State Appellate Defender's Office, of Springfield, for appellee.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:
The unusual procedure followed in this case presents a new problem in

the application of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1)), which permits the State an interlocutory appeal from an order "the substantive effect of which results in * * * suppressing evidence."

Defendant James Eddington was indicted in the Circuit Court of Sangamon County for the offenses of solicitation to commit murder, attempt to commit murder and transfer of a controlled substance. Prior to trial he filed a "Motion in Limine to Bar Use of Eavesdropping Evidence." After a hearing at which the court received no evidence, the motion was allowed. The State, contending that Rule 604(a)(1) is applicable, appeals from that order. Defendant has moved to dismiss the appeal on the grounds that Rule 604(a)(1) does not apply to that type of order. The motion is taken with the case.

■■ For a number of years the appellate courts of the State have struggled to determine which orders preventing the introduction of evidence in criminal cases are appealable by the State under Rule 604(a)(1). The opinions recogize the chaotic result of an interpretation that all orders prohibiting the introduction of State's evidence are appealable by the State. (*People v. Thady* (1971), 133 Ill. App. 2d 795, 270 N.E.2d 861; *People v. Koch* (1973), 15 Ill. App. 3d 386, 304 N.E.2d 482.) Recently in *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16, the supreme court ruled that the orders appealable under Rule 604(a)(1) are those suppressing evidence pursuant to motions made under sections 114—11 and 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 114—11 and 114—12) dealing with involuntary confessions and evidence seized as the result of an unconstitutional search respectively. Following *Van De Rostyne* we dismissed an appeal from an order suppressing the results of a breathalyzer test for intoxication taken from a defendant by police who failed to obtain the statutorily required consent of that individual. *People v. Lara* (1976), 44 Ill. App. 3d 116, 357 N.E.2d 1354.

The in limine motion in the case under consideration made no mention that any evidence sought to be barred had been seized in violation of any constitutional provision. It merely alleged that the evidence had been obtained by the use of an eavesdropping device in violation of section 14—1 *et seq.* of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 14—1, et seq.). Cited in the motion in support of the request was the case of *People v. Kurth* (1966), 34 Ill. 2d 387, 216 N.E.2d 154, where information obtained by use of an eavesdropping device was ruled to be inadmissible because it had been obtained in violation of a former section 14—1. In this case, the arguments of counsel on the motion indicate that defendant sought to bar use by the prosecution of tapes of electronic recordings of conversations between defendant and an informer. Apparently the

parties agree that the conversations were recorded with the consent of the informer but without the consent of the defendant. In his argument on the motion, defense counsel maintained that the evidence had been obtained in violation of article I, section 6, of the Illinois Constitution of 1970 which protects people against "unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means."

The trial judge filed a memorandum setting forth his reasons for allowing the motion. He was required to draft the memorandum hastily and informally because of the pendency of the trial and the expiration of the 160-day period which began when defendant made a demand for trial. The memorandum makes clear, however, that the primary reason the tapes were being excluded from evidence was because of their poor quality but that a secondary reason was that they had been obtained in violation of the Fourth Amendment and article I, section 6, of the Illinois Constitution of 1970. We are faced with a situation where the original motion is based on grounds that would make an order granting the motion not appealable but the motion is argued and partly decided upon grounds that do make the order appealable. If appeal is denied, the State is prevented from a review of a ruling concerning the constitutionality of the manner in which it obtained the evidence. The intent of Rule 604(a)(1) is that interlocutory review be available to the State on such a question. If appeal is permitted, the constitutional question is intermeshed with other questions on the admissibility of evidence. The intent of Rule 604(a)(1) is that such questions be not considered upon interlocutory review. With the hindsight gained by wrestling with the questions raised by the motion to dismiss, we have determined that good practice requires that motions to suppress evidence under sections 114—11 and 114—12 of the Code of Criminal Procedure should be presented and ruled on separately from motions to exclude or bar evidence for other reasons. Faced with the record as it exists in this case, we determine that since the order does suppress evidence partially on the ground that it was obtained pursuant to an unconstitutional seizure, we rule the order to be appealable under Rule 604(a)(1). The motion to dismiss the appeal is denied.

Section 14—2 of the Criminal Code provides that a person commits eavesdropping when he uses an eavesdropping device to hear or record any part of a conversation "unless he does so with the consent of any one party to such conversation and at the request of a State's attorney." Section 14—5 makes the offense a misdemeanor and makes any evidence obtained in commission of the offense inadmissible in any civil or criminal case. Relying on *United States v. White* (1971), 401 U.S. 745, 28 L. Ed. 2d 453, 91 S. Ct. 1122, the Supreme Court has held that the obtaining of

recordings of a conversation with the consent of a party to the conversation and at the request of the prosecutor and its introduction into evidence does not violate the Fourth Amendment or article I, section 6, of the Illinois Constitution even though other parties to the conversation do not consent (*People v. Richardson* (1975), 60 Ill. 2d 189, 328 N.E.2d 260).

■■ The trial judge, nevertheless, found the tapes to have been obtained in violation of defendant's Fourth Amendment and article I, section 6, rights. Although no evidence was introduced, the judge apparently examined a transcript purporting to be of the tapes which had been filed by the State pursuant to defendant's ·discovery requests. As indicated by the memorandum filed by the judge, one of the reasons for this ruling was that he considered that the tapes must have been made by equipment incapable of making good recordings and that for law enforcement officers to make recordings of a conversation with such equipment violated the constitutional rights of a party to the conversation not consenting. As stated in *Richardson*, the question as to whether the tapes were obtained in a constitutionally permissible manner depends on the reasonableness of the police conduct. That reasonableness depends upon their motive and probable cause for having the tape made and not upon the quality of the tape. The question of whether the tape is adequate to accurately inform the jury is a separate question.

The judge's memorandum also indicates that he found the defendant's Fourth Amendment and article I, section 6, rights to have been violated because the State's attorney's request to the Illinois Bureau of Investigation to set up the equipment to obtain the tapes was conditioned upon the informant consenting to the taping of his conversation. The request of the prosecutor for the use of the recording device is not a constitutional requirement of obtaining a recording of a conversation but an additional safeguard required by statute. (*Richardson*.) That the prosecutor's request be conditioned upon the necessary consent of a party to the conversation would be a further safeguard and not a detriment to defendant. The trial court's determination that the Fourth Amendment and article I, section 6, rights of defendant had been violated was error.

The State argues that since we have taken jurisdiction of the appeal, we should pass upon the other reason why the evidence was ordered barred. Regardless of whether we have that power, we choose not to do so. As we have indicated, we believe that for us to pass upon the propriety of ordinary evidentiary rulings in an interlocutory appeal would violate the intent of Rule 604(a)(1). In *Van De Rostyne,* the supreme court, finding that misunderstanding and mistake had taken place in the trial court concerning the procedure on motions to suppress, ordered that the

unappealable order be, nevertheless, vacated so that neither side would profit by the mistakes that had been made. We choose to follow a similar procedure here.

■■ Accordingly, we reverse the order barring the use of the tapes and remand the case to the trial court. We do not rule as to whether the tapes are admissible in evidence but rather that they may not be suppressed for constitutional impropriety in the manner in which they were obtained. Our ruling is not intended to otherwise prejudice either side in any subsequent determination as to the admissibility of the tapes into evidence.

Reversed and remanded.

TRAPP and REARDON, JJ., concur.