THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* MARTIN JACKSON *et al.*, Defendants-Appellees.

Fourth District   No. 14979

Opinion filed January 4, 1979.

TRAPP, J., dissenting.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry and James G. Condon, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

We here again confront a perplexing problem in the interpretation of Supreme Court Rule 604(a)(1) (58 Ill. 2d R. 604(a)(1)) which provides:

> "*When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

The question is whether the order from which appeal is sought is one "suppressing evidence" within the meaning of the rule.

A joint jury trial commenced in the circuit court of Adams County in which co-defendants Martin Jackson and Michael Williams were defending charges of armed robbery and attempt armed robbery. Wanda Matlick, an occurrence witness called by the State, identified defendant Jackson during direct examination as one of two persons who, on February 23, 1978, at about 7:30 p.m., committed the charged robbery at the College Inn in Quincy. Defendant Jackson then made a motion for a mistrial and to strike and exclude all of the witness' identification testimony. The request for the mistrial was denied instanter but after an evidentiary hearing out of the presence of the jury, the trial court granted the motion to strike and exclude the identification testimony. The stated basis for the ruling was that the identification testimony had been "tainted" by police conduct which had been unduly suggestive thus depriving the defendant Jackson of his rights to due process.

The State filed notice of appeal and the trial court thereafter discharged the jury and stayed the proceedings in toto, pending appeal.

We consider first the assertion of the defendants that the order striking and excluding the identification testimony is not an order "suppressing evidence" within the meaning of Rule 604(a)(1) and, therefore, is not appealable. If that contention is correct, we must dismiss the appeal and cannot consider the State's claims of error.

The history of Rule 604(a)(1) has been traced by the opinions of Mr. Justice English in *People v. Petropoulos* (1965), 59 Ill. App. 2d 298, 208 N.E.2d 323, *aff'd* (1966), 34 Ill. 2d 179, 214 N.E.2d 765, and Mr. Justice Reardon of this court in *People v. Lara* (1976), 44 Ill. App. 3d 116, 357 N.E.2d 1354. Prior to the adoption of section 17 of division XIII of the Criminal Code of 1874 (Ill. Rev. Stat. 1933, ch. 38, par. 747), granting review by writ of error for orders "quashing or setting aside" indictments or informations, no review by the State in a criminal case was possible. In 1961, legislation was enacted to also permit interlocutory review of pretrial orders "suppressing evidence" (Ill. Rev. Stat. 1961, ch. 38, par. 747). That legislation was superseded by section 120—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, par. 120—1), and then, in turn, by Supreme Court Rule 27(4) (28 Ill. 2d R. 27(4)) and Rule 604(a)(1). Rule 27(4) differed from Rule 604(a)(1) in that the phrase "for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963" was not in the former rule and that rule contained the words "an indictment, information or complaint" rather than the words "a charge."

The scope of the provisions of the rule for appeal from orders dismissing charges has been interpreted relatively broadly. (*Petropolous; People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819.) The phrase "for any of the grounds enumerated in section 114—1" was ruled not to be a limitation on the types of orders of dismissal that were appealable but rather a statement made to emphasize that all dismissals pursuant to orders entered under that section were appealable (*Love*).

As recited in *Lara*, the provision for appeals from orders suppressing evidence has been given a much more restricted application largely because of the obvious problems that would result from permitting appeal as a matter of right from any substantial number of trial court rulings excluding evidence. Several appellate decisions had stated the determining factor on the appealability of an order excluding evidence to be whether the exclusion destroyed the State's case. With this background, the issue reached the supreme court in *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16, where appeal was attempted from an order, entered during a trial involving a charge of driving while inebriated, suppressing the results of a Breathalyzer test conducted on the defendant. The basis of the suppression was the alleged failure of the person administering the test to follow the procedures required by statute. The supreme court ruled the order not to be appealable.

The *Van De Rostyne* opinion rejected the rationale that appealability depended upon whether the suppression of evidence destroyed the State's case. The opinion did not set forth complete guidelines for determining appealability but did state that the portion of the rule concerning suppression of evidence "is a product of the exclusionary rule

which prohibits the use of illegally obtained evidence." (63 Ill. 2d 364, 367, 349 N.E.2d 16, 18.) The opinion then stated that the usual method for raising the question of the constitutionality of the means of obtaining evidence was by a pre-trial motion to suppress and that sections 114—11 and 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 114—11 and 114—12) deal with motions to suppress involuntary confessions and evidence obtained by unlawful searches and seizures, respectively. The opinion also stated, as had previous appellate decisions, that the rule was obviously not intended to make every evidentiary ruling adverse to the State prohibiting the introduction of evidence subject to interlocutory review.

In *Lara,* under very similar circumstances to *Van De Rostyne,* we denied appeal from a similar order suppressing the results of a Breathalyzer test conducted upon the accused under circumstances found by the trial court to have failed to meet statutory requirements. We interpreted *Van De Rostyne* to hold that only orders of suppression entered pursuant to sections 114—11 and 114—12 of the Code of Criminal Procedure were appealable under Rule 604(a)(1). This was consistent with our previous pre-*Van De Rostyne* decisions in *People v. Wheatley* (1972), 5 Ill. App. 3d 827, 284 N.E.2d 353, and *People v. Thady* (1971), 133 Ill. App. 2d 795, 270 N.E.2d 861. Even if the order from which appeal is sought in the instant case is taken to be an order of suppression, it is not one suppressing a confession or evidence obtained by an unlawful search and seizure and was not entered pursuant to sections 114—11 or 114—12. However, unlike *Lara, Van De Rostyne* or any other case called to our attention where appeal has been denied, it does strike evidence and prohibit its further use on constitutional grounds and on the basis that the evidence was "tainted."

The *Van De Rostyne* opinion ties orders appealable under the "suppressing evidence" provisions of Rule 604(a)(1) to orders entered under the "exclusionary rule." In general that rule has referred to the suppression of evidence, which although probative, has been obtained in violation of the constitutional privilege of the accused against self-incrimination (*Rogers v. Richmond* (1961), 365 U. S. 534, 5 L. Ed. 2d 760, 81 S. Ct. 735) or his right to be free from unreasonable searches and seizures (*Mapp v. Ohio* (1961), 367 U. S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684). The purpose of the exclusion in those instances is not to aid in the truth-seeking process but to deter future deprivations of individuals' rights by similar attempts to improperly obtain evidence. (See *United States v. Calandra* (1974), 414 U. S. 338, 38 L. Ed. 2d 561, 94 S. Ct. 613.) On the other hand testimony identifying the accused as the offender when tainted by unduly suggestive procedures, as found here, is rejected in aid of the truth-seeking process because of its unreliability. An order

removing this evidence from the trier of fact because of its lack of probative value in relation to the prejudice it creates is like other evidentiary rulings except that because of its importance, a due process question of fundamental fairness is involved. *Manson v. Brathwaite* (1977), 432 U. S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243.

Considering (1) the reiteration in *Van De Rostyne* of the theme of prior appellate decisions that the provisions of Rule 604(a)(1) relating to orders suppressing evidence be narrowly construed, (2) the logical necessity of such a policy, and (3) the correlation expressed in that opinion between the "exclusionary rule" and orders "suppressing evidence," we conclude that the instant order, although rejecting evidence for constitutional taint, is not appealable. We retain our determination that only orders pursuant to section 114—11 and 114—12 motions give rise to orders appealable because they suppress State's evidence.

Accordingly, we dismiss the appeal.

Appeal dismissed.

CRAVEN, J., concurs.

Mr. JUSTICE TRAPP, dissenting:

As the writer understands the record, defendant moved to suppress the eyewitness identification only upon the ground that the use of a single photograph was unnecessarily suggestive and on the ground that defendant was deprived of counsel at the time the witness viewed such photograph. This was an assertion of constitutional illegality in the context of *United States v. Wade* (1967), 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, and *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951. The trial court concluded the identification was "tainted" by the procedure followed.

By such action the trial court adopted a *per se* rule of excluding testimony which was deemed to be impermissibly and unnecessarily suggestive without regard to its reliability otherwise. Such rule was rejected in *Manson v. Brathwaite* (1977), 432 U.S. 98, 53 L. Ed. 2d 140, 97 S. Ct. 2243. The court there adopted the rule that the "likelihood of irreparable misidentification" must be determined from the totality of the circumstances as was stated in *Neil v. Biggers* (1972), 409 U.S. 188, 34 L. Ed. 2d 401, 93 S. Ct. 375. This record does not suggest that in entering this order the trial court examined the totality of circumstances to determine whether there were acceptable indicia of trustworthiness in the identification.

Upon the issue of whether the prosecution may appeal, this court stated in *People v. Eddington* (1977), 47 Ill. App. 3d 388, 362 N.E.2d 103:

> "We are faced with a situation where the original motion is based on grounds that would make an order granting the motion not appealable but the motion is argued and partly decided upon the grounds that do make the order appealable. If appeal is denied, the State is prevented from a review of a ruling concerning the constitutionality of the manner in which it obtained the evidence. The intent of Rule 604(a)(1) is that interlocutory review be available to the State on such a question." (47 Ill. App. 3d 388, 390, 362 N.E.2d 103, 105.)

In *Eddington,* the issue was the exclusion of a tape recording obtained by an informant.

It appears that the principal opinion reads *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16, too narrowly. The court stated:

> "The motion to suppress is the generally accepted method by which the constitutionality of the means used to obtain evidence is raised in advance of trial." 63 Ill. 2d 364, 367, 349 N.E.2d 16, 18.

The court further stated:

> "In determining the propriety and appealability of orders granting motions to suppress, the fact that the motion to suppress is intended to reach only illegally obtained evidence has not always been kept in mind. In the present case, for example, the court characterized the distinction between the exclusion of evidence and its suppression as 'merely semantic.' This is not so, * * *." 63 Ill. 2d 364, 368, 349 N.E.2d 16, 19.

The language clearly distinguished the suppression of evidence and the exclusion of evidence for the several reasons asserted in the rules of evidence. Since the State had argued the issue in the framework of evidence obtained by illegal search and seizure in violation of section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 114—12), the court pointed out that the issue did not concern the evidence illegally seized. The supreme court, however, cited with apparent approval *People v. Smith* (1972), 5 Ill. App. 3d 642, 283 N.E.2d 736. There the State appealed the order of the trial court suppressing a statement given to the police by a witness who had been a cellmate of defendant in the penitentiary. The order of the trial court was directed to asserted violation of defendant's constitutional rights. (See *People v. Milani* (1968), 39 Ill. 2d 22, 233 N.E.2d 398.) The reviewing court denied defendant's motion to dismiss for want of an appealable order, proceeded to review the case on its merits and reversed the trial court. It is apparent that evidence suppressed for an alleged violation of such a constitutional right is broader than the specific statutory motions to

suppress stated in sections 114—11 and 114—12 of the Code of Criminal Procedure of 1963.

In *People v. Holiday* (1970), 47 Ill. 2d 300, 265 N.E.2d 634, a photographic identification in the context of being unnecessarily suggestive was discussed in terms of a motion to suppress under the decisions in *Gilbert v. California* (1967), 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951. In the latter opinion it was admitted that the policy of exclusion might exclude relevant and probative evidence. 388 U.S. 263, 273, 18 L. Ed. 2d 1178, 1187, 87 S. Ct. 1951.

As was pointed out in *Van De Rostyne,* there is a substantial difference between suppressing relevant evidence and excluding evidence for reasons arising under the rules of evidence. That opinion points out that defendant's motion for the exclusion of the evidence of the breathalyzer test was improperly labeled as a "motion to suppress", when the actual issue was the sufficiency of a foundation as required by statute. Comparable issues are found in *People v. Thady* (1971), 133 Ill. App. 2d 795, 270 N.E.2d 861; *People v. Lara* (1976), 44 Ill. App. 3d 116, 357 N.E.2d 1354.

In *Manson v. Brathwaite,* the court refused to adopt a *per se* rule excluding "reliable evidence" which might result in a guilty person going free and thus frustrate rather than promote justice. (432 U.S. 98, 113, 53 L. Ed. 2d 140, 153, 97 S. Ct. 2243, 2247.) Holding that the true test was the reliability of the identification, it reversed the court of appeals which had held that the evidence "should have been excluded, regardless of reliability because the examination of the single photograph was unnecessary and suggestive." 432 U.S. 98, 103, 53 L. Ed. 2d 140, 147, 97 S. Ct. 2243, 2247.

Here, the trial court excluded the identification testimony as being "tainted." This cannot be described as a finding that the identification was unreliable under the standards stated in *Manson v. Brathwaite* and *Neil v. Biggers.* The record suggests quite the contrary.

I would hold the trial court's order appealable under Supreme Court Rule 604(a) as an order "suppressing evidence."