THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ANDREW FLATT, Defendant-Appellee.

Third District    No. 78-197

Opinion filed August 29, 1979.

STOUDER, P. J., dissenting.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Andrew Flatt, was charged by indictment, in Peoria County, with burglary. Subsequent to the return of the indictment the defendant filed a motion to produce physical evidence seeking specifically a broken plate-glass window which allegedly had defendant's fingerprints on it. The investigating police had allegedly lifted the

fingerprints from the broken glass at the scene, but had not gathered or preserved the actual piece of broken glass. The trial court granted the defendant's motion to produce, but the prosecution was unable to provide the glass which had not been reduced to their possession. Peoria police officer Gary Siebenthal testified that he had left the piece of broken glass after obtaining the fingerprints in the living room of the burglarized house, as it was not normal policy for the Peoria Police Department to keep large pieces of broken glass in their property room. The officer further testified that he assumed the owner of the burglarized premises had disposed of the broken glass.

After empaneling a jury and calling the case for trial, the court ruled that the latent fingerprint evidence and prosecution expert analysis witness' testimony would not be allowed. The trial court entered a written order which recited that the defendant's motion in limine to suppress the fingerprint evidence was granted, and upon a motion of the People to file an interlocutory appeal pursuant to section 114—12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—12), the trial was terminated. From a careful reading of the transcript of proceedings it seems quite clear that the trial court intended by his oral ruling and written order to suppress the fingerprint evidence of the People. This appeal was then brought by the People pursuant to Supreme Court Rule 604. Ill. Rev. Stat. 1977, ch. 110A, par. 604.

On appeal the State has presented only a single issue: Whether the trial court committed reversible error in suppressing evidence derived from source evidence it had ordered the State to produce, which source evidence had been examined by the State at the scene of the crime but not reduced to their possession. Stated in another way, the precise issue is whether it was a violation of defendant's due process rights for the State to fail to preserve the object from which latent fingerprints were lifted for defendant's inspection.

The defendant has initially raised as a counterargument that the appeal should be dismissed because the order appealed from is not one from which the State may lawfully appeal. Because this argument raises a question of appellate jurisdiction it will be resolved first. The State's right to appeal in criminal cases is controlled by the language of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)), which provides in pertinent part:

"In criminal cases the State may appeal only from an order or judgment, the substantive effect of which results in dismissing a charge for any of the grounds enumerated in Section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

The defendant contends that the order appealed from is not a suppression order within the context of Supreme Court Rule 604 because it is not an order barring the use of evidence for the reason it has been illegally obtained by the State. The defendant's argument is that an interlocutory appeal by the State from a suppression order is only proper when the suppression is based on either an involuntary confession or an unlawful search and seizure. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16; *People v. Koch* (1973), 15 Ill. App. 3d 386, 304 N.E.2d 482.) It is contended that the trial court ruling here was an evidentiary one, excluding evidence, and was not appealable by the State simply having been labeled "an order suppressing evidence." (See *People v. Thady* (1971), 133 Ill. App. 2d 795, 270 N.E.2d 861.) In the *Van De Rostyne* case the defendant sought to have the results of a breathalyzer test, in a driving-while-intoxicated case, suppressed on the grounds that it had been administered by improper procedures. The supreme court, citing the *Thady* case, ruled that the order was one which merely excluded evidence and was not appealable under Supreme Court Rule 604 as an order suppressing evidence. We have examined the underlying facts in the cases which defendant argues support his theory. We believe those cases are factually distinguishable from the facts of the present case.

■■ ■ A careful reading of Supreme Court Rule 604(a)(1) discloses that the State may appeal from an order the substantive effect of which results in suppressing evidence. The transcript of the arguments of counsel, the trial judge's statements, and the written order of the court all indicate that the trial court action was a suppression of evidence here. While we acknowledge that the trial judge's characterization of his own action is not controlling (see *United States v. Scott* (1978), 437 U.S. 82, 57 L. Ed. 2d 65, 98 S. Ct. 2187 ), we believe it is one of the facts which must be considered. The reason given by the trial court for suppressing the fingerprint evidence and expert testimony of the State in this case was that the police secured the evidence without preserving its source, violating defendant's right to due process under the fifth amendment to the Constitution of the United States. We conclude therefore that the trial court's action in this case was an appealable order.

The *Van De Rostyne* case links orders appealable because they suppress evidence pursuant to Supreme Court Rule 604(a)(1) to suppression orders based on either an involuntary confession or an illegal search and seizure; and the purpose of the exclusionary rule is not to aid the court in the truth seeking process but to deter future deprivations of individuals' rights by attempts to improperly obtain evidence. (See *United States v. Calandra* (1974), 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561.) Recognizing the *Van De Rostyne* case, the Fourth District Appellate Court in *People v. Jackson* (1979), 67 Ill. App. 3d 24, 384 N.E.2d 591, also

considered a case where the trial court allegedly suppressed evidence on constitutional grounds and on the basis that it was "tainted." The appellate court there ruled that it would follow, narrowly, the *Van De Rostyne* opinion and concluded that the order in *Jackson* was not appealable pursuant to Supreme Court Rule 604(a)(1). We disagree with such a narrow application. However, we believe there is a distinct dichotomy between evidence excluded from the trier of fact because of its lack of probative value and unreliability to aid in the truth seeking process as was the case in *Jackson*, and evidence excluded because its suppression is apparently necessary to protect the constitutional rights of an accused. The case at bar falls squarely within the second category of evidence, included because of its alleged unconstitutional taint.

We are faced with the situation where the motion to suppress was argued and decided on the ground that it was violative of due process of this defendant for the police to secure the fingerprint evidence without preserving its source for defendant's independent examination. If the appeal is dismissed, as defendant urges, the State is prevented from a review of a ruling on the constitutionality of their obtaining but not of preserving the source of evidence in this case. That result would be an implied approval of the trial court's order excluding the fingerprint evidence and an implied agreement with defendant's argument and the trial court's reasoning that the use of the fingerprint evidence in this case violated defendant's constitutional right to due process. We solve this dilemma by finding the order of the trial court was properly appealed by the State pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)) based on the trial court's order suppressing the fingerprint evidence because of its unconstitutional taint. As was aptly stated in the dissenting opinion of Justice Trapp in *People v. Jackson* (1979), 67 Ill. App. 3d 24, 29, citing *People v. Eddington* (4th Dist. 1977), 47 Ill. App. 3d 388, 390, 362 N.E.2d 103, 105, "If [the] appeal is denied, the State is prevented from a review of a ruling concerning the constitutionality of the manner in which it obtained the evidence. The intent of Rule 604(a)(1) is that interlocutory review be available to the State on such a question."

■■ The right of the State to appeal in criminal cases pursuant to Supreme Court Rule 604(a)(1) has been liberally construed consistent with the broad language of that statute so as not to reduce the range of the State's right to appeal. (See *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819; *People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902.) We believe the rationale of these cases is consistent with the language of Supreme Court Rule 604(a)(1) and that the order in this case was one of suppression or the substantive effect of which was the suppression of

evidence as opposed to a mere evidentiary ruling on evidence as argued by the defendant. Accordingly, we hold that the State's appeal was proper in this case, and defendant's argument that the appeal should be dismissed is rejected.

The primary issue presented by this appeal involves the propriety of police failure to preserve the physical evidence from which latent fingerprints are lifted at the scene of a crime. This issue is presented in the context of the State's inability to comply with defense discovery ordered by the trial court, because the evidence was never reduced to the possession of the investigating police. In suppressing both the fingerprint evidence and the State's expert fingerprint witness the trial court relied upon the two recent appellate court opinions of *People v. Dodsworth* (4th Dist. 1978), 60 Ill. App. 3d 207, 376 N.E.2d 449, and *People v. Taylor* (5th Dist. 1977), 54 Ill. App. 3d 454, 369 N.E.2d 573. Each of those cases concerned the destruction of controlled substances which were in the State's possession and were destroyed during the testing process to determine the nature and amount of the substance. The destruction in both cases may have been intentional by the State. The courts ruled in each case that the destruction of the evidence was not necessary to determine the identity and amount of the substance in question. Those courts recognized that the testing procedure utilized in drug analysis is not infallible and that, therefore, absent his own test, an accused will not know whether the State's results were accurate or inaccurate. In examining those two cases we notice that the testing of the contraband narcotics as to the quantity of heroin contained therein was the last test performed, which was determined to have been unnecessary for the crimes charged. It was this unnecessary testing which destroyed the contraband evidence and made it unavailable for the defendants' own independent examination. The error which was recognized in both *Dodsworth* and *Taylor* was that the State's destructive testing deprived the defendants of the opportunity to meet or dispute the State's test results by their own evidence of equal integrity and persuasiveness. The result in each case was a violation of each defendant's constitutional right to due process of law, that is the right to know of the adverse evidence against him and a genuine opportunity to rebut such evidence when the same could have and should have been available. Our examination of both the *Dodsworth* and *Taylor* cases discloses that both are factually distinguishable from the present appeal. The State here did not intentionally destroy the object from which defendant's fingerprints were allegedly lifted. The police merely failed to gather and preserve the plate glass window for the very practical reasons of lack of storage facilities and the fact that it was not standard police procedure to gather

and preserve large objects from which fingerprints are lifted given the reliability of standard fingerprinting technology. We take notice of the reliability which has been granted by the courts of this State to the science of dactylography. This alone is sufficient to distinguish the present facts from those involving unreliable chemical testing of narcotics as was noted in the *Dodsworth* and *Taylor* cases. The identification of individuals by fingerprint comparisons and the classification of fingerprints have become a fixed part of our system of jurisprudence. We do not see the absolute necessity of a defendant's examination and independent testing of the object from which his fingerprints were taken. The testing of the contraband substances in both *Dodsworth* and *Taylor* was a necessary part of the corpus delicti to prove the contraband nature of the evidentiary substance. It is therefore more significant for the defendant to independently analyze it to insure that the chemical tests of the State are accurate. As aforesaid, in *Taylor* the opinion emphasized that the laboratory testing of allegedly contraband substances is not infallible, and this supports the result reached in that case. The large piece of broken glass in the instant case was not contraband or part of the corpus delicti. We view these differences sufficient to distinguish both *Dodsworth* and *Taylor*.

■■ The precise issue before us was discussed at length in *People v. Vera* (1976), 62 Cal. App. 3d 293, 132 Cal. Rptr. 817, where the court concluded that they would not mandate requiring the police, in every case, to preserve or photograph latent fingerprints in place or to preserve the object on which they are found. Similar to the case at bar, the defendant in *Vera* failed to challenge, in the trial court or on appeal, the authenticity of the latent fingerprints or present any evidence relating to a police "frame" or "transfer forgery" of the latent fingerprints upon the object which the State failed to preserve after lifting the inculpatory fingerprints. In our view the in-place preservation of latent fingerprints or alternatively the preservation and production of the article on which the incriminating fingerprint evidence is discovered is not necessary so long as the procedures employed by the police technician, who lifted the latent fingerprints and made the comparisons, are sufficient to verify the accuracy of the evidence sought to be admitted. Once the result is placed upon a fingerprint card, which itself is properly preserved intact, its authenticity can be tested by a defendant's own fingerprint expert and the credibility of the police investigator who lifted the fingerprint can adequately be tested by cross-examination. We believe this view is the better one in cases such as the one before us where the object defendant seeks to examine is not itself contraband and an actual part of the corpus delicti. Accordingly, we agree with the result and the reasoning of the *Dodsworth* and *Taylor* cases, but believe the rationale should not be

extended to the present case, which would impose an impossible burden upon the State to preserve the physical object from which every fingerprint was taken in criminal investigations.

■■ We are convinced, as was the trial court, that there was no intentional destruction or attempt to prevent the defendant from having access to the broken plate glass window. The broken window apparently was disposed of by the owner in cleaning up after the break in. The shortcoming of the State, if any, was a failure to gather and preserve all the evidence at the scene from which latent fingerprints might be lifted. Placing such a duty upon the State would be overly burdensome.

In a very similar case, *People v. Schabatka* (1974), 18 Ill. App.3d 635, 310 N.E.2d 192, it was held that the failure of the State to produce a burned automobile in an arson case where the automobile was never in the possession and control of the police did not deprive the defendants of a fair trial. There was no deliberate suppression of the evidence in *Schabatka* by the police, nor was there in the present case. The police, in *People v. Stamps* (1977), 52 Ill. App. 3d 320, 367 N.E.2d 543, accidentally lost cards containing summaries of testimony of witnesses and were unable to comply with defendant's discovery request. The court, while not condoning the loss of the records by the State and labeling the loss as possible negligence, refused to reverse the conviction just because the accused alleged that the State's conduct had violated his due process and deprived him of a fair trial.

Based upon our examination of these relevant cases we determine that constitutional due process requires that the defendant have a fair trial, but that it is not similarly required that the State be punished for its failure to preserve or gather every item from a criminal scene from which latent fingerprints are lifted, when there is no intentional destruction nor need to introduce those items into evidence at the trial. Such a duty would be not only unnecessarily burdensome, but for the most part cumulative and repetitious. The constitutional guarantee of due process and a resultant fair trial may be protected without unduly burdening the State.

For the foregoing reasons the judgment of the Circuit Court of Peoria County suppressing the fingerprint evidence is reversed and the cause is remanded for trial.

Reversed and remanded.

STENGEL, J., concurs.

Mr. PRESIDING JUSTICE STOUDER, dissenting:

In my opinion the order excluding the fingerprint evidence is not an appealable order by the State and this appeal should be dismissed. I

would not reach the issues relating to the propriety of the court's order.

I agree with the majority opinion in the recent case of *People v. Jackson* (1979), 67 Ill. App. 3d 24, 384 N.E.2d 591, and conclude that it properly interpreted and applied *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16. I believe, based on the reasoning in the *Jackson* case, that the appealability of orders suppressing evidence is limited by the *Van De Rostyne* case to orders entered under sections 114—11 and 114—12 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, pars. 114—11, 114—12).

In this case the evidence was excluded because of the failure of the State to comply or because the State was unable to comply with a discovery order. Although this can be considered as a due process constitutional question, it is so only in the context that any ruling in a criminal case necessitated because of the right of the defendant to a fair trial has a due process connotation.