THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* WILLIAM PHIPPS, Defendant-Appellee.

Fourth District    No. 15546

Opinion filed December 27, 1979.

CRAVEN, J., concurring in part and dissenting in part.

APPEAL from the Circuit Court of Logan County; the Hon. WILLIAM M. ROBERTS, Judge, presiding.

Roger W. Thompson, State's Attorney, of Lincoln (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Fuller, Hopp & Barr, P. C., of Decatur, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

■■ Can the State appeal an order directing the disclosure of personal files and information about some of the prosecution's witnesses prior to a trial on the merits?

No.

The trial court held that any witness who invoked his privilege of confidentiality under the mental health statute was barred from testifying in this prosecution.

This is not ripe for appeal. Why not? Let us see.

Defendant was charged with cruelty to persons (Ill. Rev. Stat. 1977, ch. 23, par. 2368), maltreatment of a mentally retarded person (Ill. Rev. Stat. 1977, ch. 91½, par. 15—1), and battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)(1)), all offenses having occurred while defendant was an employee of the Lincoln Developmental Center.

He filed a pretrial motion for discovery which requested, *inter alia*, the names and addresses of all persons to be called as witnesses by the State. The State's answer listed 20 witnesses that it intended to call.

Then defendant filed a motion for additional discovery which asserted that seven witnesses listed in the State's answer were residents of the Lincoln Developmental Center, that the State maintained personal files on these individuals, and that the files contained mental evaluations, intelligence quotients, statements concerning the truth and veracity of the witnesses, and other unknown information which concerned the

proposed witnesses. It was requested that the State furnish defendant with a copy of these files. This motion was granted by the trial court.

The State asked the court to reconsider its order of discovery, asserting that the requested material was in the control of the Illinois Department of Mental Health and Developmental Disabilities. The agency had informed the prosecution that the files were not available because they were confidential under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 801 *et seq.*).

The trial court entered an order stating that the Mental Health Code did not forbid the production of the material, but, rather, gave the patient or his therapist a privilege to prevent disclosure. The court said that any witnesses who invoked the privilege, or on whose behalf it was invoked, would not be permitted to testify. Those who complied with the discovery order could testify.

The State appeals, claiming that the trial court's order was erroneous. Defendant, while addressing the merits, also questions the appealability of the order in question.

Upon close scrutiny of the issue of appealability, we find that we need not address the merits of this appeal. We have no jurisdiction.

Supreme Court Rule 604(a)(1) provides:

"(a) *Appeals by the State.*

(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence." (58 Ill. 2d R.604(a)(1).)

In its reply brief, the State argues that the portion of the rule which states "the substantive effect of which results in dismissing a charge" is not limited by the language "for any of the grounds enumerated in section 114—1" which follows it. The State thus reasons that an order is appealable if it has the effect of dismissing the charge, or if it has the effect of dismissing the charge pursuant to section 114—1.

In support of this analysis, the primary weapon in the State's arsenal is *People v. Love* (1968), 39 Ill. 2d 436, 235 N.E.2d 819. In *Love*, the defendant was charged with leaving the scene of an accident. Although a warrant was issued for defendant's arrest and delivered to the sheriff on October 10, 1966, defendant was not arrested until March 8, 1967. Prior to trial, defendant moved to dismiss the complaint on the grounds that he had not been arrested until 148 days after the issuance of the warrant. The trial court held that he had been denied a speedy and fair trial in violation

of the Illinois and United States constitutions. An appeal to the Second District was transferred to the supreme court which held that the dismissal of a complaint on speedy trial grounds was appealable even though it was not expressly covered by Rule 604(a). In so doing, the court noted that the State retains the right to appeal any judgment the substantive effect of which results in a dismissal of the indictment.

In *People v. Martin* (1977), 67 Ill. 2d 462, 367 N.E.2d 1329, our supreme court reversed the Fifth District's dismissal of an appeal of a trial court's denial of the State's motion to remove a proceeding under the Juvenile Court Act, noting that the effect of the trial court's ruling was a denial of any future indictment on the charge in question.

In *People v. Dellecarto* (1978), 67 Ill. App. 3d 490, 384 N.E.2d 902, the First District applied the *Love* rationale to declare that a trial court order which dismissed an indictment for want of prosecution and was later changed to an order of acquittal was an appealable order. In *People v. Henry* (1974), 20 Ill. App. 3d 73, 312 N.E.2d 719, the Third District applied *Love* in order to hear an appeal of the trial court's striking of a portion of an indictment of theft under $150 which asserted a previous theft. The court reasoned that the effect of the trial court's ruling was to dismiss the first felony theft indictment.

Finally, *People v. Rotramel* (1972), 5 Ill. App. 3d 196, 282 N.E.2d 484, was a consolidated appeal where the trial court (on its own motion and over the State's objection) amended the complaint to charge a lesser offense and then accepted the defendants' guilty pleas. The Second District applied *Love*, acknowledging that the effect of the trial court's ruling was to dismiss the original charge.

■■ It would thus appear as if the State has correctly asserted that Rule 604(a) authorizes an appeal from any order, the substantive effect which results in the dismissing of the charge and that such order need not be based upon any of the grounds enumerated in section 114—1.

But the precedence of *Love, Martin, Dellecarto, Henry*, and *Rotramel* all have a common factor which distinguishes them from the case at bench. Here, the charge is still valid and the trial court's order—while it may have weakened the prosecution's case—did not affect the charge.

The State supplemented the record here in an attempt to show that six of the seven witnesses in question were eyewitnesses and that the only other witnesses who could identify the perpetrator were defendant and the victim, who would not talk. The State thus claims that "without the testimony of six of the seven witnesses excluded, the prosecution was obviously unable to prove its case, and the exclusion of that evidence had the substantive effect of dismissing the charge."

In taking this position, the State overlooks certain crucial facts. *First,*

in its response to discovery, the State listed 20 witnesses and the trial court's order only affects seven. *Second,* unlike *Love* and its progeny, the State here is free to pursue prosecution on the information through alternative means. *Lastly,* the trial court's order does not exclude any testimony. The order merely requires a disclosure of the files prior to testifying. Consequently, the ruling was merely evidentiary and "simply removed one item of evidence from consideration by the jury." *People v. Koch* (1973), 15 Ill. App. 3d 386, 388-89, 304 N.E.2d 482, 483.

The State also claims that the order in this case was one "suppressing evidence." In *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 349 N.E.2d 16, the supreme court stated:

> "In determining the propriety and appealability of orders granting motions to suppress, the fact that the motion to suppress is intended to reach only illegally obtained evidence has not always been kept in mind. In the present case, for example, the court characterized the distinction between the exclusion of evidence and its suppression as 'merely semantic.' This is not so, as was pointed out in *People v. Thady* (1971), 133 Ill. App. 2d 795, and *People v. Koch* (1973), 15 Ill. App. 3d 386. Rule 604 was not intended to give the State the right to an interlocutory appeal from every ruling excluding evidence offered by the prosecution." 63 Ill. 2d 364, 368, 349 N.E.2d 16, 19.

In our recent decision in *People v. Jackson* (1979), 67 Ill. App. 3d 24, 384 N.E.2d 591, we interpreted *Van De Rostyne* and *People v. Lara* (1976), 44 Ill. App. 3d 116, 357 N.E.2d 1354, as restricting "suppression of evidence" to those cases involving involuntary confessions or illegal searches and seizures.

■■ In accord with *Van De Rostyne* and *Jackson,* we here hold that the order in question was not appealable as one "suppressing evidence" under Supreme Court Rule 604(a).

In reaching this decision, we are not unmindful of the decision in *People v. Flatt* (1979), 75 Ill. App. 3d 930, 394 N.E.2d 1049. There, the Third District rejected the "narrow application" of *Van De Rostyne* and *Jackson* and held that an order is appealable if the suppression of evidence is necessary to protect the constitutional rights of the accused.

Finally, the State argues that the order is appealable under section 10(b) of the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 810(b)). The last sentence of that section states:

> "Any order to disclose or to not disclose shall be considered a final order for purposes of appeal and shall be subject to interlocutory appeal."

Article VI, section 6, of the Illinois Constitution of 1970 outlines the jurisdiction of the appellate court. That section states:

"The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts."

■■ The courts of this State have in the past rejected numerous attempts by the legislature to usurp the power of the judiciary. If the power is judicial in character, the legislature is expressly prohibited from exercising it. *People v. Jackson* (1977), 69 Ill. 2d 252, 371 N.E.2d 602; *People v. Taylor* (1971), 50 Ill. 2d 136, 277 N.E.2d 878; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495; *In re Marriage of Lentz* (1979), 73 Ill. App. 3d 93, 391 N.E.2d 582.

■ Likewise, to the extent that section 10(b) attempts to provide for appeals from less than final judgment, it is an unconstitutional infringement by the legislature upon the rulemaking power of the supreme court and is therefore void.

The concurring and dissenting opinion of Mr. Justice Craven suggests that we ignore the constitutional issue. It is his position that we need merely decide that the privilege does not extend to the Department of Mental Health and Developmental Disabilities or the State's Attorney acting on its behalf—a contention not argued by the parties.

Were we to address the question of whether the privilege extends to the State, it is not clear that the position taken in the concurring and dissenting opinion would survive close scrutiny. Section 10 of the Act sets forth a blanket privilege and lists a number of exceptions, none of which apply to the instant case. Section 2(9) defines *therapist* as:

"* * * a psychiatrist, physician, psychologist, social worker, or nurse providing mental health or developmental disabilities services or any other person not prohibited by law from providing such services or from holding himself out as a therapist if the recipient reasonably believes that such person is permitted to do so * * *." Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 802(9).

This definition of therapist would not appear to be broad enough to include a State agency. Reading the entire act in context, however, reveals that section 9 lists the situations where a therapist may disclose the records without consent. The first situation is to the therapist's supervisor or a record custodian. If the therapist is employed by a State agency—a fact not evident in this record—then disclosure may be permitted to the agency as the therapist's "supervisor." If the agency maintains the files—the situation involved here—then the agency would be a record custodian under the Act.

Assuming that a disclosure was properly made by the therapist to the

agency under section 9, that section extends the duty when it provides:
"A person to whom disclosure is made under this Section shall not redisclose any information except as provided in this Act." Ill. Rev. Stat., 1978 Supp., ch. 91½, par. 809.

It thus appears that once a section 9 disclosure is made to a nontherapist, that person—or agency—steps into the therapist's shoes for purposes of the Act and the privilege applies.

There being no authority for an appeal by the State in the present case, we must dismiss the appeal.

Appeal dismissed.

GREEN, J., concurs.

Mr. JUSTICE CRAVEN, concurring in part and dissenting in part:
I agree with the result and the reasoning of the opinion insofar as it relates to an appeal by the State under Rule 604 (58 Ill. 2d R. 604). The order here, plain and simply, is not appealable by the State under that rule. That's all we really need to decide.

The majority opinion reaches to decide that the Mental Health and Developmental Disabilities Confidentiality Act is unconstitutional. As I view it, the protection of confidentiality given by that act has no application here because the confidentiality is extended to therapist and to the patient and not to the State and prosecution. It is, of course, axiomatic that courts do not decide the constitutionality of statutes unless such decision is essential to the resolution of the case. Here it isn't, and we should not offend the axiom.

Thus, I concur with the result reached but not the unnecessary observation the court makes with reference to the constitutionality of the statute.