THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* FRANK J. VAN DE ROSTYNE, Defendant-Appellee.

(No. 73-143; ▆▆▆▆▆▆▆▆▆▆

Second District—December 12, 1974.

*Rehearing denied February 13, 1975.*

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Marco & Mannina, of Downers Grove, for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Defendant was charged with driving a vehicle while under the influence of intoxicating liquor. Subsequent to impanelling of a jury but before commencement of trial, defendant moved to suppress evidence obtained as the result of a breathalyzer test. After ordering the evidence suppressed, the court declared a mistrial. The State appeals, contending that the trial court erred in its ruling. The defendant defends by characterizing the ruling as one relating to the exclusion of evidence and not to the suppression of evidence contemplated under Supreme Court Rule 604, Ill. Rev. Stat. 1973, ch. 110A, § 604. Upon this premise, he argues that the appeal should be dismissed.

Section 11—501.1 of the Illinois Rules of the Road (Ill. Rev. Stat., 1972 Supp., ch. 95½, § 11-501.1), in effect at the time of the occurrence and commonly referred to as the "implied consent" law, provides in part that a person charged as the defendant herein shall be requested to submit to a chemical analysis of his breath to determine the alcholic content

of his blood. The test is to consist of two breath analyses taken not less than 15 minutes apart. The testing device is to provide an automatic printed test record and a duplicate original is to be furnished the one tested. The statute further provides for uniform standards and procedures as to the operation of the unit together with rules and regulations for examining and certifying the accuracy of the breath-testing instrument.

The officer who conducted the test stated that between the first and second analysis he changed the test ampoule which, ordinarily, he does not do. He explained his action by relating that the first reading registered .25% alcohol; that during his schooling in the operation of the unit he was informed that a good test could not be obtained if a reading exceeds .50% alcohol; that he assumed when the second analysis was taken and the results combined, the total of the two might exceed the unit's limitations and concluded that it would therefore be proper procedure to replace the ampoule prior to the second analysis. When queried as to whether the instructions for operation of the unit allowed the change of ampoules during a test, he responded that he did not know. Instructions for operation of the unit were not introduced into evidence.

In accordance with section 114—12(e) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, § 114—12(e)), the court found the purpose of the "implied consent law" provisions was "to take away the possible feeling on the part of the public or one arrested for this offense that the machine, which tests the defendant for blood alcohol in the system in any way can be manipulated by the officer and have prescribed the type of machines that shall be used, that they are—take the test automatically without any manual manipulation by the officer. In this instance, the officer, on his own volition interrupted the process of the machine by taking the original test ampoule out and placing a new test ampoule in. Therefore, the Court is going to—the Court will grant the motion to suppress the Breathalyzer."

■■ We first address defendant's assertion that the State is barred from appealing the order under attack. Defendant relies upon *People v. Thady*, 133 Ill.App.2d 795, 796, 270 N.E.2d 861 (1971). In that case, the court was of the opinion that any rule of practice must have its genesis in legislative enactment. This is not true. Under the constitution, the supreme court has sole authority to provide by rule for appeals to this court from orders other than final judgments. (*People v. Taylor*, 50 Ill. 2d 136, 140, 277 N.E.2d 878 (1972).) Supreme Court Rule 604 (Ill. Rev. Stat. 1971, ch. 110A, § 604) sets forth those instances wherein the State may appeal, one being where evidence is suppressed. We agree that every adverse ruling in this regard does not entitle the State to the right of appeal, but here defendant filed a written motion to suppress

any and all evidence garnered as a result of the breathalyzer test on the basis that the test was improperly administered. While defendant attempts to classify the motion and ruling of the court as one of exclusion rather than suppression, the distinction in this instance is merely semantic.

■■ To test whether an order of suppression is appealable, it is necessary to determine if the order has had the substantive effect of dismissing the charge against the defendant. Where such effect is found the State may appeal. From the record before us, we find that the trial court's order did in fact have the effect of dismissing the charge against the defendant. See *People v. Shipp*, 96 Ill.App.2d 364, 366, 239 N.E.2d 296 (1968).

■■ During oral argument, counsel for the defendant, in response to the court's inquiry, candidly admitted that regulations for operation of the unit allow a change of the test ampoule. Based upon this admission, the court requested and defendant furnished a copy of the instructions for operating the breathalyzer unit involved. A special notice contained therein states, "[I]f result of first test on subject does not exceed .25% the replacement of the test ampoule is optional for a replicate analysis." Based upon this statement, we find the procedure followed by the officer in administering the test to be correct under the circumstances and hold that the trial court erred by suppressing the results of the breathalyzer test.

Judgment reversed; cause remanded.

RECHENMACHER and GUILD, JJ., concur.