THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* CHARLES W. MACALUSO, Defendant-Appellee.

Fifth District No. 75-64

Opinion filed March 22, 1976.

Michael Grabowski, State's Attorney, of Pinckneyville, for the People.

Gerald D. Owens, of Benton, and J. Lewis Wingate, of Vienna, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by the State from an order entered by the circuit court of Perry County directing a verdict of acquittal in favor of the defendant, Charles W. Macaluso, on six counts of official misconduct (Ill. Rev. Stat. 1973, ch. 102, par. 4.1).

In the State's notice of appeal the instant appeal was characterized in the following manner:

> "The Appeal in this case is taken from an Order of Honorable Robert L. Gagen denying Appellant's offer of exhibits 1 through 7 on behalf of the State and sustaining defendant's objection thereto; the State also appeals from an Order of said Robert L. Gagen striking the testimony of the only witness called by the State in this cause, Winton L. Bigham, County Clerk of Perry County; the State further appeals from the Order of Honorable Robert L. Gagen which directed the jury empaneled in said cause to return a verdict of not guilty. The State asserts that the Trial Court, by entering the foregoing order, in effect, suppressed evidence which was essential to the effective prosecution of the above cause."

The last clause of the State's notice of appeal was obviously included in an attempt to bring this action within the limitations of Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)). Rule 604(a)(1) provides:

"(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or suppressing evidence."

■■ After examining the record we conclude that the trial court's action sustaining the defendant's objection to People's Exhibits Nos. 1 through 7 on the grounds of irrelevancy and immateriality did not amount to a "suppression" of evidence within the ambit of Rule 604. (See *People v. Koch,* 15 Ill. App. 3d 386, 304 N.E.2d 482, 484; *People v. Thady,* 133 Ill. App. 2d 795, 270 N.E.2d 861, 862.) We are unable to equate the trial court's *exclusion* of evidence, on the grounds of irrelevancy and immateriality, to *suppression* of evidence. In reaching this conclusion we note that no motion to suppress, written or oral, was made by the defendant. We further note that the basis for exclusion was relevancy and materiality, not the privilege to exclude improperly obtained evidence. Consequently, we find the trial court's ruling "to be patently evidentiary in nature and hence not appealable." *People v. Thady.*

We have noted *People v. Van De Rostyne* (2d Dist.), 26 Ill. App. 3d 1048, 320 N.E.2d 270, and particularly note that it dealt with the application of the exclusionary rule with reference to allegedly improperly procured evidence, and a written motion; here the question is one of relevancy and materiality and not a question of whether the proffered evidence was improperly obtained.

Having found that the State's appeal is outside the ambit of review under Supreme Court Rule 604 and, hence, the order of the circuit court of Perry County directing a verdict of acquittal is nonappealable, we have no alternative but to dismiss the instant appeal.

Appeal dismissed.

CARTER and JONES, JJ., concur.