(No. 47411.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. FRANK J. VAN DE ROSTYNE, Appellant.

*Opinion filed May 28, 1976.—Rehearing denied Sept. 30, 1976.*

A. J. Marco, of Marco and Mannina, of Downers Grove, for appellant.

William J. Scott, Attorney General, of Springfield (James B. Zagel, Jayne A. Carr, and Stuart W. Opdycke, Assistant Attorneys General, of Chicago, of counsel), for the People.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

The issue in this case concerns the right of the State to appeal in a criminal case. The defendant, Frank J. Van De Rostyne, was charged with driving while intoxicated. He pleaded not guilty and demanded a jury trial. After the jury had been impaneled, he filed a "Motion To Suppress" the results of a breathalyzer test on the ground that improper procedures had been used in administering it. The trial judge heard evidence out of the presence of the jury concerning the method used in administering the test and then granted the defendant's motion. The assistant State's Attorney immediately announced that the State would appeal the ruling and that he assumed that the court would grant a mistrial. Thereafter the court withdrew a juror and granted a mistrial.

Upon appeal to the Appellate Court, Second District, the defendant conceded that the test had been properly conducted, but moved to dismiss the appeal on the ground that the trial court's ruling related to the exclusion of evidence and not to the suppression of evidence within the meaning of Rule 604 (Ill. Rev. Stat. 1973, ch. 110A, par. 604). The appellate court denied the motion to dismiss, and on the merits found that the trial court had erred in suppressing the results of the breathalyzer test, reversed the order granting a mistrial, and remanded the cause. (26 Ill. App. 3d 1048.) We granted leave to appeal because of an asserted conflict in the decisions of the appellate court concerning the appealability of the order.

The right of the State to appeal is governed by Rule 604(a)(1), which provides:

> "(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; *or suppressing evidence."* (Emphasis supplied.) Ill. Rev. Stat. 1975, ch. 110A, par. 604.

The motion to suppress evidence, which is the only part of Rule 604 that we are concerned with in this case, is a product of the exclusionary rule which prohibits the use of illegally obtained evidence.

> "The general rule is, that where it is claimed that evidence against one accused of crime has been obtained by means of unlawful search and seizure, the court will not stop in the midst of the trial and hear evidence in order to determine whether the manner of securing the evidence was legal or not but such question must be raised before the trial. (*People v. Winn,* 324 Ill. 428; *City of Kewanee v. Puskar,* 308 id. 167; *People v. Brocamp,* 307 id. 448; *Gindrat v. People,* 138 id. 103.)" (*People v. Drury* (1929), 335 Ill. 539, 557.)

The motion to suppress is the generally accepted method by which the constitutionality of the means used to obtain evidence is raised in advance of trial. (See Kamisar, LaFave and Israel, Modern Criminal Procedure 729 (4th ed. 1974); 29 Am. Jur. 2d *Evidence* secs. 425, 426 (1967).) Article 114 of the Code of Criminal Procedure deals with pretrial motions generally, and sections 114—11 and 114—12 deal specifically with motions to suppress involuntary confessions and evidence obtained by unlawful search and seizure. Ill. Rev. Stat. 1975, ch. 38, pars. 114—11 and 114—12.

To some extent the divergent views that have been expressed as to the appealability of orders granting motions to suppress evidence are due to the fact that Rule 604 compresses into a single sentence several different kinds of orders from which appeals by the State are authorized. Thus it has been said that the appealability of a ruling upon a motion to suppress turns upon whether or not the order has the effect of dismissing the charge or blocking the prosecution. (See *People v. Shipp* (1968), 96 Ill. App. 2d 364, 366; *People v. Koch* (1973), 15 Ill. App. 3d 386, 388; *People v. Van De Rostyne* (1974), 26 Ill. App. 3d 1048, 1051.) Some of the situations in which an appeal by the State is authorized do indeed involve dismissal of the charge and therefore a termination of the prosecution. That is not true, however, of a motion to suppress evidence, as was pointed out in *People v. Smith* (1972), 5 Ill. App. 3d 642, 643. Such a motion is concerned only with evidence that has been illegally obtained. The trial judge, in ruling upon a motion in advance of trial, is in no position to determine the impact of the suppression of a particular item of illegally obtained evidence upon the prosecution's case.

In determining the propriety and appealability of orders granting motions to suppress, the fact that the motion to suppress is intended to reach only illegally obtained evidence has not always been kept in mind. In the present case, for example, the court characterized the distinction between the exclusion of evidence and its suppression as "merely semantic." This is not so, as was pointed out in *People v. Thady* (1971), 133 Ill. App. 2d 795, and *People v. Koch* (1973), 15 Ill. App. 3d 386. Rule 604 was not intended to give the State the right to an interlocutory appeal from every ruling excluding evidence offered by the prosecution.

With these preliminary observations we turn to the case now before us. In this case the defendant had moved for discovery prior to trial. His motion had been granted in

part and the prosecution had been ordered to furnish him with, among other things, a list of witnesses, a copy of the breathalyzer test report, if any, and to inform him whether a video or audio tape had been used. After the jury had been impaneled, the assistant State's Attorney advised the judge that he had learned for the first time, when the police officers appeared in court that morning, that there was a video tape. The defendant moved to exclude the video tape, but the trial judge denied the motion.

The defendant then presented his "Motion To Suppress" the results of the breathalyzer test. The court heard evidence as to the method used in administering the test and then announced that the motion to suppress would be granted, and, as has been stated, the assistant State's Attorney immediately advised the court that the State intended to appeal, and the court withdrew a juror and declared a mistrial.

Although the opinion of the appellate court states that the defendant's motion to suppress was made "[s]ubsequent to impaneling of a jury but before commencement of trial" (26 Ill. App. 3d 1048, 1049), that statement is inaccurate. For the most significant purpose—the attaching of jeopardy—the trial had commenced when the jury was selected and impaneled. Section 3—4 of the Criminal Code of 1961 makes that clear (Ill. Rev. Stat. 1971, ch. 38, par. 3—4), as does the fact that the trial judge withdrew a juror and declared a mistrial.

In support of its right to appeal the State relies on section 114—12 of the Code of Criminal Procedure. Paragraph (c) of that section provides that a motion to suppress evidence illegally seized shall be made before trial "unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." In 1967 the following provision was added:

> " *** If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an

order suppressing the evidence, the court shall terminate the trial *** without further proceedings *** unless the State files a written notice that there will be no interlocutory appeal from such order of suppression." (Ill. Rev. Stat. 1975, ch. 38, par. 114–12(c).)

We need not now engage the questions that may arise as to the authority of the General Assembly to provide for interlocutory appeals from evidentiary rulings made during the course of a trial. (See *People v. Taylor* (1971), 50 Ill.2d 136.) It is sufficient to observe that in the present case there was no search and seizure within the meaning of section 114–12, and the procedure described in paragraph (c) of that section can not in any event govern this case.

From what has been said, it is apparent that the "Motion To Suppress" should not have been allowed and that the trial court should not have withdrawn a juror and granted a mistrial. The defendant now contends that because his motion did not involve illegally obtained evidence, the order of the trial judge was not appealable under Rule 604. But the action of the trial court resulted from the error of the defendant in mislabeling his motion, and he should not now be permitted to profit by that error. (See *People v. Araiza* (1974), 19 Ill. App. 3d 52, 53-54; 28 Am. Jur. 2d *Estoppel and Waiver,* secs. 69, 73 (1966).) The most appropriate remedy in this unique situation, in our opinion, is to return the case to the circuit court with directions to vacate the order sustaining the motion to suppress and granting the mistrial, and to proceed with a trial.

The judgment of the appellate court is therefore affirmed, and the case is remanded to the circuit court of Du Page County for further proceedings in accordance with this opinion.

*Affirmed and remanded,*
*with directions.*