(No. 52621.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ANDREW FLATT, Appellant.

*Opinion filed October 17, 1980.—Rehearing denied November 26, 1980.*

GOLDENHERSH, C.J., and CLARK and MORAN, JJ., dissenting.

Robert Agostinelli, Deputy Defender, and Michael Filipovic, Assistant Defender, of the Office of State Appellate Defender, of Ottawa, for appellant.

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Donald B. Mackay and Neal B. Goodfriend, Assistant Attorneys General, of Chicago, and John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

This case involves the right of the State to appeal from an interlocutory order in a criminal case. Specifically, the question presented is whether the trial court order appealed from was an order "suppressing evidence" and, therefore, appealable by the State by virtue of our Rule

604(a)(1). (73 Ill. 2d R. 604(a)(1).) A similar question is involved in *People v. Young* (1980), 82 Ill. 2d 234, also decided today. In *Young,* however, the suppression order was entered before the trial had commenced. In our case, the suppression order was entered after the jury had been sworn to try the issues.

On August 30, 1977, the Peoria residence of Patricia Ring was broken into. According to an investigation conducted by the Peoria Police Department, the perpetrator had entered the house by kicking open a basement door. Several pictures from the kitchen were taken. Also, a large stained-glass window from the living room was removed from the premises. The leaded window had been pried from its casing after the protective plate-glass window was broken and removed. Latent fingerprints and palm prints were taken from the broken plate glass at the scene of the crime by Peoria Police Department Officer Gary Siebenthal. The glass was not taken into police custody and, presumably, it was later disposed of by Ring. In a Peoria Police Department laboratory report dated October 20, 1977, the latent palm print developed from the glass was positively identified by Officer Siebenthal as being defendant's left palm. Defendant was charged by a Peoria County grand jury indictment on December 6, 1977, with burglary in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 19—1(a)).

A public defender was appointed for the defendant on December 8, 1977, and the State was ordered to furnish discovery. In its answer for discovery dated December 9, 1977, the State represented, *inter alia,* that the tangible objects it intended to use at trial were available at the Peoria County State's Attorney's office. Due to a conflict of interest, the assistant public defender was granted leave to withdraw on February 20, 1978, and a private attorney, Ronald Halliday, was appointed by the court

to represent the defendant. At some point thereafter, Halliday met with Officer Siebenthal and an assistant State's Attorney at the State's Attorney's office for the purpose of obtaining discovery of the physical evidence. The piece of glass from which the prints were lifted was not produced at that meeting. A pretrial conference was also held. The record does not indicate whether the discovery meeting was conducted prior to the pretrial conference. It is clear, however, that the trial judge was not informed during that conference that, as claimed by defendant, discovery was incomplete and that the glass should have been delivered. Instead, defense counsel announced his readiness for trial.

On March 9, 1978, the date of trial, defense counsel presented a motion to produce physical evidence, seeking the broken plate-glass window which allegedly contained the latent print of defendant's palm. According to the defense, the State's failure to produce the glass for defendant's independent examination violated defendant's constitutional right to confront material evidence presented against him. In view of the late date at which Halliday had been appointed to represent defendant, the State waived its right to challenge the timeliness of the motion. Following arguments by counsel, the trial court granted defendant's motion to produce. The State informed the court as to the possible unavailability of the glass, and the court indicated that such failure to produce the glass would result in a suppression of fingerprint evidence at the trial. The jury was then impaneled pursuant to the court's suggestion that the parties proceed with the case until the State determined whether the glass was available for discovery.

Immediately after the jury was sworn, the State advised the court that the glass was unavailable. A proceeding was conducted outside of the presence of the jury. The hearing was apparently held on the State's

motion to reconsider the court's ruling granting defendant's motion to produce physical evidence. Officer Siebenthal was called by the State to testify as to the disposition of the plate glass. He stated that the plate-glass window measured 48 by 48 inches and that the piece of glass removed by the perpetrator in order to reach the stained-glass window was approximately one-half that size. He further stated that he lifted the latent prints on August 31, 1977, while the glass was at the scene of the crime; the glass was at no time transported to the Peoria Police Department. Leaving the large piece of glass at the scene was, according to the officer, consistent with departmental procedure followed in burglary cases in order to avoid congesting the department's property room. It was Officer Siebenthal's belief that the glass was subsequently disposed of by Ring. No other evidence was presented by either party. The court stood by its earlier ruling, stating that the failure to produce the glass would result in a deprivation of defendant's due process right to confront evidence presented against him. The court indicated that all fingerprint evidence would therefore be suppressed. The State advised the court that the only motion before the court was one to produce physical evidence. After much discussion among the attorneys and the court, it was agreed that defendant's attorney would file a motion *in limine* as a motion to suppress any fingerprint evidence. Noting that this motion was to be made during the trial and having been assured by the State that it would appeal, the court, in view of the procedures outlined in section 114—12(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c)), discharged the jury. Thereafter defendant's motion *in limine* to suppress the fingerprint evidence was filed. An order was entered, dated March 16, 1978, granting defendant's motion and terminating the trial pursuant to the State's motion to file an interlocutory appeal. The appellate

court, with one justice dissenting, reversed and remanded. (75 Ill. App. 3d 930.) We granted defendant's petition for leave to appeal.

In this court, defendant asserts that the appellate court wrongfully entertained an appeal from the March 16, 1978, order. Citing *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, defendant contends that the order entered was not an order suppressing evidence under Rule 604(a)(1) (73 Ill. 2d 604(a)(1)) since the evidence was neither obtained in an illegal search and seizure nor elicited in an involuntary confession. Citing *People v. Alfano* (1980), 78 Ill. 2d 434, defendant argues in the alternative that the order was not an order of suppression since the evidence was not obtained in violation of the exclusionary rule. Thus, according to defendant, under either *Van De Rostyne* or *Alfano,* the order entered was an order excluding evidence from which the State may not be permitted to appeal by virtue of Supreme Court Rule 604(a)(1).

The Illinois Constitution of 1970 provides in article VI, section 6, that after a trial on the merits in a criminal case there shall be no appeal from a judgment of acquittal, and it further provides:

"The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of Circuit Courts." (Ill. Const. 1970, art. VI, sec. 6.)

Our Rule 604(a)(1) provides for appeals by the State in criminal cases:

"(1) *When State May Appeal.* In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure of 1963; arresting judgment because of a defective indictment, information or complaint; quashing an arrest or search warrant; or *suppressing evidence.* " (Emphasis added.) (73 Ill. 2d R. 604(a)(1).)

There has been considerable litigation concerning the

nature of the rulings of the trial court that are appealable by the State under this rule, particularly as it relates to orders "suppressing evidence." In one line of cases, the courts have stated that the appealability of such orders turns on whether the trial judge believes that the effect of his ruling will be to block the prosecution entirely. (*People v. Shipp* (1968), 96 Ill. App. 2d 364, 366; *People v. Koch* (1973), 15 Ill. App. 3d 386, 388.) (But see *People v. Smith* (1972), 5 Ill. App. 3d 642, 643 (right to appeal does not require the State to show it would have insufficient evidence to proceed with the prosecution).) The test enunciated in this line of cases was expressly rejected in *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 368. (See also *People v. Lara* (1976), 44 Ill. App. 3d 116, 124.) In another line of cases, a distinction is made between orders suppressing evidence and mere evidentiary rulings. According to these cases, only the former are deemed to be appealable under the Rule. *People v. Thady* (1971), 133 Ill. App. 2d 795; *People v. Wheatley* (1972), 5 Ill. App. 3d 827; *People v. Koch* (1973), 15 Ill. App. 3d 386, 389; *People v. Macaluso* (1976), 36 Ill. App. 3d 592, 594; *People v. Young* (1978), 60 Ill. App. 3d 49, 56.

While we agree that it is suppression orders, as distinguished from evidentiary rulings, that are appealable by virtue of Rule 604, we recognize the difficulty involved in defining that which constitutes an order of suppression. In *People v. Thady* (1971), 133 Ill. App. 2d 795, the State attempted to appeal from an order suppressing testimony relating to a breath-analysis test. The court held the order to be an evidentiary ruling and not appealable. The appellate court stated that the court's rulemaking authority was limited by the legislature. Finding only two statutory provisions concerning the suppression of evidence, the court held that the State's ability to appeal from orders granting motions to suppress was limited to those orders entered pursuant to either section 114—11 (involuntary

confessions) or section 114—12 (illegal search and seizure) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1969, ch. 38, pars. 114—11, 114—12). Since the evidence obtained in *Thady* was neither illegally obtained nor an involuntary confession, and "a rule can have no broader scope than the statute which gave it birth (133 Ill. App. 2d 795, 797), the order was not one from which the State could take an appeal under Rule 604(a)(1).

It is clear that in the *Thady* case the court was of the opinion that the State's right to appeal was a narrow one which could not be expanded by a rule of this court beyond the specific statutory language. *Thady* states that this court was authorized by section 120—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1967, ch. 38, par. 120—1) to make rules for appeals by the State. Although the court in that case acknowledged that section 120—1 was repealed, it, nonetheless, felt that the rule-making power was found in the Civil Practice Act, section 2 of which (Ill. Rev. Stat. 1969, ch. 110, par. 2) granted to this court power "to make rules 'supplementary to *but not inconsistent with*' the Act." (Emphasis in *Thady*.) (133 Ill. App. 2d 795, 797.) It therefore considered the scope of the appeal, which this court authorized by our Rule 604, to be limited by statutory provisions. Since the court found only two provisions in the statutes (sections 114—11 and 114—12 of the Code of Criminal Procedure of 1963) governing suppression of evidence, it considered the scope of review under our Rule 604 limited by those sections. We do not here consider the validity of the reasoning in *Thady*. Section 120—1 of the Code of Criminal Procedure of 1963 has been repealed, and under the 1970 Constitution this court's authority to provide for appeals from other than final orders is derived not from statutes but from article VI, section 6, of the 1970 Constitution, and this authority is not limited or curtailed by section 2 of the Civil Practice Act. The scope of appeals

from orders suppressing evidence as authorized by Rule 604(a)(1) need not therefore be limited by the provisions of sections 114—11 and 114—12 of the Code of Criminal Procedure of 1963.

In his brief, defendant contends that in *People v. Van De Rostyne* (1976), 63 Ill. 2d 364, this court held, consistent with *Thady,* that the State's right to appeal from suppression orders was limited to orders entered pursuant to the two statutory provisions mentioned above. Several appellate court opinions have also interpreted *Van De Rostyne* in this manner. (*People v. Lara* (1976), 44 Ill. App. 3d 116, 124; *People v. Eddington* (1977), 47 Ill. App. 3d 388, 389; *People v. Young* (1979), 76 Ill. App. 3d 210, 212, *vacated and remanded* (1980), 82 Ill. 2d 234; *People v. Phipps* (1979), 79 Ill. App. 3d 532, 536.) (But see *People v. Stuckey* (1979), 78 Ill. App. 3d 1085.) While we recognize that there is language in the *Van De Rostyne* opinion which may support such an interpretation, we do not view the *Van De Rostyne* case as so limiting the State's right to appeal.

In *Van De Rostyne* the defendant, charged with driving while intoxicated, filed a motion to suppress the results of a breathalyzer test after the jury had been impaneled. Evidence concerning the method used in administering the test was then taken outside the presence of the jury, and the defendant's motion was granted. The State informed the court of its desire to appeal from the ruling, and the court declared a mistrial. On appeal, the defendant conceded that the test had been properly conducted but he filed a motion to dismiss, claiming that the court lacked jurisdiction to entertain the appeal. The appellate court denied the motion to dismiss and, addressing the merits of the case, found that the trial court erred in suppressing the breathalyzer-test evidence. On appeal this court held that the appellate court had erred in its finding of appellate jurisdiction to entertain the

merits of the appeal. Noting that defendant's motion to suppress was made subsequent to the commencement of trial, this court found the State's right to appeal depended on section 114—12(c) of the Code of Criminal Procedure of 1963, which deals with motions to suppress illegally seized evidence. It provides that such motions should be made before trial, but it also provides that, under certain circumstances, such motions may be made during trial; it states:

"If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the evidence, the court shall terminate the trial *** without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression." (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c).)

Since the evidence was not the result of an illegal search and seizure, as is required under section 114—12(c), this court in *Van De Rostyne* held that the procedures set forth in paragraph (c) for interrupting the trial for appellate review of the suppression order would not govern the case. Reluctant to allow the defendant to profit from the erroneous labeling of the motion filed during trial as a motion to suppress, this court vacated the order granting the motion to suppress and declaring a mistrial. This court remanded the cause for trial.

The facts in *Van De Rostyne* presented a situation where the State, under the procedure set out in section 114—12(c), sought to appeal from an order entered pursuant to a motion presented during trial to suppress *legally* obtained evidence. It is well settled that the precedential scope of a decision is limited to the facts before the court. (See, *e.g., People v. Beard* (1974), 59 Ill. 2d 220, 225, *cert. denied* (1975), 421 U.S. 992, 14 L. Ed. 2d 483, 95 S. Ct. 1999; *People v. Arndt* (1971), 49 Ill. 2d 530, 533.) Thus *Van De Rostyne* holds only that an appeal

from the merits of a court's ruling on a motion to suppress evidence which was filed during trial may be had only if it is alleged that said evidence was illegally obtained. We therefore cannot accept defendant's interpretation of *Van De Rostyne* as defining all appealable suppression orders under Rule 604 as those entered either under section 114—11 or section 114—12. In *People v. Young* (1980), 82 Ill. 2d 234, this court has, at this term, rejected this reading of *Van De Rostyne* and held that, *Van De Rostyne* and section 114—12(c) of the Code of Criminal Procedure of 1963 do not limit the State's right to appeal from pretrial suppression orders. Inasmuch as the appeal before us was taken from an order entered during trial, further discussion of the appealability of pretrial suppression orders is unnecessary.

At common law, a claim that evidence was obtained by means of an illegal search and seizure had to be raised before trial by means of a motion to suppress or to return the evidence. This requirement arose from a consideration of judicial economy; the court should not be required to interrupt a trial in order to determine the collateral issue of the manner in which the evidence was obtained. (*People v. Braden* (1966), 34 Ill. 2d 516, 520; *People v. Dalpe* (1939), 371 Ill. 607, 611; *People v. Drury* (1929), 335 Ill. 539, 557; *People v. Brocamp* (1923), 307 Ill. 448, 454.) (See 23A C.J.S. *Criminal Law* sec. 1060, at 11 (1961).) By virtue of section 114—12(c) (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c)), the common law rule was relaxed; the court may, in its discretion, conduct a hearing on a motion to suppress even though the motion is filed after trial has begun, providing that it is alleged that the evidence was illegally seized. Thus, the prohibition against filing a motion to suppress during trial has been relaxed so as not to prevail over the constitutional right to be free from unreasonable searches and seizures. (See generally 23A C.J.S. *Criminal Law* sec. 1060, at 11 (1961).) The

*Van De Rostyne* court correctly held, therefore, that section 114—12(c) empowers the trial court to entertain the merits of a motion filed during the trial, and the State may appeal from a suppression order then entered only where the defendant seeks the suppression of illegally obtained evidence. We will later address the question of whether the court's authority to enter an order on a motion to suppress lawfully obtained evidence filed during trial can be reviewed.

Article VI, section 6, of our constitution grants this court the authority to provide for appeals from other than final orders. We must, therefore, hold invalid any construction of section 114—12(c) which holds that that section authorizes the State to appeal from an order entered during trial suppressing evidence. The State's right to appeal stems from our Rule 604(a) and not from any statutory provision. The legislative grant of authority to file a motion, however, would not unduly infringe upon the inherent rulemaking authority of the judiciary. (See *People v. Cox* (1980), 82 Ill. 2d 268.) Thus, we view section 114—12(c) as authorizing, to a limited extent, the defendant to make a motion to suppress after the trial has commenced. As noted above, this section has relaxed the common law rule requiring such motions to be made before trial. The defendant should not be permitted to preclude the State's right to appeal by delaying the making of the motion to suppress. Therefore, the State's right to appeal under our Rule 604(a) should be as broad as the defendant's right to file motions to suppress under section 114—12(c), and the suggested procedure for interrupting the trial for the appeal from an order allowing such a motion, as outlined in that section, is appropriate. In other jurisdictions, the broadening of the prosecution's right to appeal has generally been from pretrial suppression orders and not from suppression orders entered after the trial has commenced. In fact, the broadening of the right

of the defendant to make such motions has followed this pattern. See ABA Standards, Criminal Appeals sec. 1.4 (prosecution appeals) & Commentary, at 39-40 (1970); 8 J. Moore, Federal Practice par. 12.05[2], at 12—32 through 12—34 (2d ed. 1980); 18 U.S.C. sec. 3731 (1976).

Since the right of a defendant to file motions to suppress after the trial has commenced is limited by the provisions of section 114—12(c), the State's right to appeal from suppression orders during trial is limited to orders entered allowing these motions. However, some review must be given the prosecution of orders entered granting motions to suppress not authorized under section 114—12(c) which should have been made prior to trial. If the reviewing court determines that the motion was not within the ambit of section 114—12(c) and that the court wrongfully considered it during the trial, the State must be permitted a review of the authority of the court to enter the suppression order, even if it did not involve illegally seized evidence and section 114—12(c) of the Code of Criminal Procedure of 1963. The review would not, in such a case, be of the merits of the court's ruling but rather would concern the trial court's authority to entertain the motion. This right to review the court's authority to entertain the motion is based on two policy considerations. First, the State is not permitted an appeal from a judgment of acquittal in a criminal case. Thus, no review would be had of suppression rulings not falling within section 114—12(c). Therefore, such rulings would result in inconsistent holdings in the suppression area. Second, it would be manifestly unfair for the State's case to be substantially weakened due to the erroneous entry of suppression orders during trial. The right of such review, however, does not extend to rulings which do no more than exclude evidence made during trial but must be limited to rulings which substantially impair the State's

ability to prosecute the case as shown by the certificate of the prosecutor following the rationale of our holding in *People v. Young* (1980), 82 Ill. 2d 234.

We comment finally as to the appropriate remedy to be employed where the reviewing court has determined that the trial court entertained and allowed a motion to suppress that is not authorized by section 114—12(c). The order granting the motion to suppress should be vacated and the cause should be remanded for a continuation of the trial. This cannot be done, however, in violation of the proscription against double jeopardy. (See *People v. Alfano* (1980), 78 Ill. 2d 434, 445-46.) In *Alfano* the trial was not merely interrupted as provided in section 114—12(c), but this court found that the order of the trial court was in fact a judgment of acquittal from which no appeal could be taken by the State.

In our case the court, during trial, erroneously entertained a defendant's motion to suppress and allowed the same and declared a mistrial so that an appeal could be taken from the order. The defendant should not be permitted to benefit from the declaration of a mistrial which resulted from his untimely motion to suppress. Although the trial court may have abused its discretion in entering an order suppressing the evidence and declaring a mistrial, this action was triggered by the defendant, who may, therefore, be tried anew without violating the proscription against double jeopardy. See *United States v. Jorn* (1971), 400 U.S. 470, 27 L. Ed. 2d 543, 91 S. Ct. 547; *People ex rel. Mosley v. Carey* (1979), 74 Ill. 2d 527.

We hold, therefore, that the trial court erroneously considered the merits of defendant's motion. The motion was filed and the order was entered after the jury was sworn. The trial had, therefore, commenced and jeopardy had attached. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 369.) Since the motion was filed during trial, it

could be entertained under section 114—12(c) only if it alleged that the evidence sought to be suppressed was illegally obtained. (Ill. Rev. Stat. 1977, ch. 38, par. 114—12(c).) Defendant does not allege that the evidence was illegally seized. He challenges only the propriety of the State's use of fingerprint evidence which was unavailable for defendant's inspection due to the police department's failure to preserve the glass and to produce the physical evidence pursuant to a pretrial discovery order. By interrupting the trial to determine whether the State should have produced the glass, the trial court dealt with an issue collateral to the determination of defendant's guilt or innocence. Interruption of a trial for the determination of a motion to suppress based on a collateral issue other than as authorized by section 114—12(c) is impermissible. Without considering the correctness of the court's ruling, we find that the trial court erred in entertaining defendant's motion.

Some confusion in this general area has been engendered by the increased use of *"in limine"* motions. Generally, such motions relate to evidentiary matters and simply seek a ruling of the court prior to the time that an issue arises in front of a jury. The term *"in limine"* itself is not a word of art insofar as the content of a motion so labeled is concerned. The term simply means "[o]n or at the threshold; at the very beginning; preliminarily." (Black's Law Dictionary 896 (rev. 4th ed. 1968).) In our case, although the motion which the court allowed was called a motion *in limine,* the gist of the motion was to suppress the evidence of fingerprints for the failure to comply with discovery orders. The motion, although designated an *in limine* motion, should not have been made at the beginning of the trial, but should have been made before the jury was sworn. Accordingly, the judgment of the appellate court and the

order of the circuit court are vacated and the cause is remanded to the circuit court of Peoria County for trial.

*Vacated and remanded.*

MR. CHIEF JUSTICE GOLDENHERSH, dissenting:

I dissent. In my opinion, fundamental fairness requires that the defendant's motion be treated as a pretrial motion to suppress. The record shows that the People failed to comply with an order to produce the glass from which the latent fingerprint was taken. The circuit court was not advised until the day of trial that it was possible that the glass would be unavailable, and it was at that time that the court indicated that failure to produce the glass would result in the suppression of fingerprint evidence at the trial. The defendant did not waive his motion at that point; it was at the suggestion of the court that the parties proceeded with the case without a definitive ruling on defendant's motion. To treat the defendant's motion as a motion filed after the trial was commenced, under the circumstances shown here, is to elevate form over substance.

I would, as did the appellate court, treat defendant's motion as a timely filed motion to suppress the evidence and would, for the reasons stated in its opinion, affirm the appellate court's judgment.

CLARK and MORAN, JJ., join in this dissent.