THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* PHILLIP JOHNSTON, Defendant-Appellee.

Third District     No. 80-499

Opinion filed May 22, 1981.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Jay R. Grodner, of Aurora, for appellee.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

On January 17, 1980, undercover agents of the Metropolitan Area Narcotics Squad and their informants bought 1½ ounces of cocaine at the Missing Persons Tavern in Manteno, Illinois. Pursuant to search warrants executed on the tavern and a 1979 Buick sedan, the defendant, Phillip Johnston, and one Mehorczyck, were arrested. (The latter person is not a party to this appeal.) The Kankakee County grand jury indicted defend-

ant for intent to deliver, unlawful delivery, and possession of more than 30 grams of a controlled substance, as well as calculated drug conspiracy. (Ill. Rev. Stat. 1979, ch. 56½, pars. 1401(a) (two counts), 1402(a) and 1405(b).) A fifth count charged him with armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33 A-2), since Johnston was armed with a pistol when the sale transpired.

Before trial defendant filed a motion to suppress the contraband and the firearm. He argued the warrants authorizing the two searches were invalid since their supporting affidavits lacked sufficient facts to establish probable cause to search. After a hearing, the trial judge agreed, quashed the warrants, and suppressed all evidence seized as a result of the searches. Although the People admit these police searches were illegal, they appeal.

Review is sought on a single issue: should evidence obtained by a police search, that is conducted in good faith and with a warrant, be suppressed, when the warrant is later declared invalid.

In this cause the police obtained two search warrants. Affidavits were prepared, and a circuit judge signed the warrants authorizing the challenged searches. The affidavits were deficient; lacking those facts from which a reasonable man could conclude probable cause to search existed. The trial judge so held. The People contend, since the search was conducted by the police with the belief the warrants were valid, the evidence seized should not be suppressed. In other words, the exclusionary rule announced in *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684, is inapplicable because at the time of the searches, police had valid warrants, acted consistent with their statutory duties as police officers, and conducted the searches in a reasonable manner.

The People cite several decisions of the United States Supreme Court wherein the efficacy of the exclusionary rule is seriously questioned. The People expose, and vigorously rebuke, the rule's antipathy to the truth-seeking function of the judiciary. (*United States v. DiFillippo* (1979), 443 U.S. 31, 61 L. Ed. 2d 288, 99 S. Ct. 2844; *Stone v. Powell* (1976), 428 U.S. 465, 540-41, 49 L. Ed. 2d 1067, 1114-15, 96 S. Ct. 3037, 3073-74 (J. White, dissenting); *United States v. Calandra* (1974), 414 U.S. 338, 38 L. Ed. 2d 561, 94 S. Ct. 613.) The People concede the police acted by mistake in the legal sense. But since the police thought the warrants were valid, and executed them in good faith, it is urged, excluding evidence the search produced will not, in the future, deter any police misconduct. Since the purpose of the exclusionary rule is to deter police lawlessness, the People conclude, suppressing this evidence will not further that purpose because the police acted properly. (See 1 La Fave, Search and Seizure §1.2(d) (1978).) Finally, the People say, the evidence seized is highly probative of

defendant's guilt and to suppress it obviates the reality of the committed crime(s).

Such argument is not without appeal. Never having been raised at the suppression hearing, however, the issue the People seek to have reviewed has been forfeited.

An appeal is a statutory procedure whereby errors made at the trial level can be corrected. If error occurs at a criminal proceeding, trial counsel, in order to preserve the error for review, is required to bring the mistake to the court's attention by timely objection, motion or argument. (*People v. Roberts* (1979), 75 Ill. 2d 1, 10-11.) The People neglected to adhere to this procedural rule by making the same arguments at the suppression hearing they now advance. Therefore, their right to review of the issue the argument generates is forfeited. If a trial court makes an error, it is the parties' responsibility to ask the court to correct the mistake. A trial judge cannot correct errors of which he is unaware. Just as it is not the function of an appellate court to allow relitigation of matters already decided, neither will we review *de novo* issues not raised at the trial stage.

Nor is the failure of the trial judge to consider the effect of the exclusion of the illegally seized evidence on the prosecution's case plain error. That is not his function, nor is he in a position to do so. (*People v. Van De Rostyne* (1976), 63 Ill. 2d 364, 368.) The trial judge's memorandum opinion adequately justifies suppressing the contraband and the firearm. This was the only issue before him, and in deciding it, he did not abuse his discretion.

For the reasons stated, the order of the Circuit Court of Kankakee County quashing the search warrants and suppressing the evidence is affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.