JUSTICE TRIEWEILER
dissenting.
I dissent from the opinion of the majority.
The majority decision repeatedly refers to the District Court’s obligation pursuant to statute and the Montana Constitution to hear appeals from Justice Court de novo. However, before the District Court has an obligation to try appeals from the Justice Court de novo, it has a right to determine whether there was a proper statutory basis for appeal in the first place. In this case, I disagree with the majority’s conclusion that there was a proper basis for appeal.
Section 46-17-311(2), MCA, provides in relevant part that “[t]he prosecution may only appeal in the cases provided for in 46-20-103.” The only part of § 46-20-103, MCA, which is applicable to this case is subsection (2)(e) which allows for an appeal by the State from an order which results in “suppressing evidence.”
In my opinion, there is a significant difference between the “suppression of evidence” and an evidentiary ruling which excludes material or information which is offered but is neither relevant to nor probative of the issues in the case.
In this case, on the day the trial was scheduled to begin in Justice Court, with the Justice Court ready to begin and the jury panel standing by, the prosecutor filed a pretrial motion seeking permission to play a video tape of a protest over Montana’s bison hunt. The Justice of the Peace ruled that the defendant’s conduct, where shown on the tape, was admissible, but that other protesters’ conduct was irrelevant and would not be shown. The State immediately filed its notice of appeal, and according to the opinion of the majority, effectively divested the Justice Court of any further jurisdiction over this case.
*54 In my opinion, the ruling by the Justice of the Peace did not suppress evidence, but excluded material which had no evidentiary value whatsoever. To allow the State to avoid the jurisdiction of justice courts by appeals like the one in this case, is to encourage circumvention of justice court jurisdiction based on any pretrial appeal, no matter how frivolous. I do not agree that that was the intention when § 46-20-103(2)(e), MCA, was enacted.
I agree with the Appellate Court for the Third District in the State of Illinois when it held in People v. McCollins (Ill. App. Ct. 1984), 468 N.E.2d 196, that there is a distinction for purposes of a state’s right to appeal between suppression of evidence and the exclusion of evidence. In that case, the defendant who was charged with driving under the influence of alcohol moved prior to trial to exclude evidence of his refusal to submit to a breath analysis after his arrest. His motion was granted and the state appealed. However, that appeal was dismissed based upon Illinois Supreme Court Rule 604(a)(1) which is identical to § 46-20-103(2)(e), MCA. That court stated:
“On the facts in this case, the state may appeal only if the substantive effect of the trial court’s order which granted the defendant’s motion in limine was to suppress evidence. If not, then the order does not become appealable simply because the State certified that its ability to prosecute is substantially impaired.
“As the Illinois Supreme Court has recognized, defining that which constitutes an order of suppression and determining whether a trial court’s ruling falls within that definition is a difficult task. (People v. Young (1980), 82 Ill.2d 234, 45 Ill.Dec. 150, 412 N.E.2d 501.) In the context of Supreme Court Rule 604(a)(1), a distinction must be made between the suppression of evidence and the exclusion of evidence. This distinction is not merely semantic. Rule 604 was not intended to give the State the right to appeal from every ruling excluding evidence offered by the State. (People v. Van De Rostyne (1976), 63 Ill.2d 364, 368, 349 N.E.2d 16, 19.) It is suppression orders, as distinguished from evidentiary rulings that are appealable under the rule. People v. Flatt (1980), 82 Ill.2d 250, 258, 45 Ill.Dec. 158, 162, 412 N.E.2d 509, 513.
“... As stated above, it is suppression orders, not evidentiary rulings, that are appealable under the rule. We find that the trial court’s order which granted the defendant’s motion in limine is not a suppression order as that term is used in Supreme Court Rule *55 604(a)(1) and, therefore, is not appealable.”
McCollins, 468 N.E.2d at 197-98.
The effect of the majority’s decision is to provide the State with the option of divesting justice courts of jurisdiction to try misdemeanor cases whenever the State chooses to do so. I do not believe that was the result intended by the legislature, and therefore, believe that the decision of the Illinois court is the better reasoned approach to defining the scope of appeal intended under § 46-20-103, MCA. I would affirm the District Court’s dismissal of the State’s appeal.
JUSTICE HUNT concurs in the foregoing dissent of JUSTICE TRIEWEILER.